STATE v. JAMES H. CHADBOURN and others.

*Traders—Manufactures—Taxes and Taxation.*

A trader is one who sell goods substantially in the form in which they are bought, and who has not converted them into another form of property by his skill and labor ; *Therefore,* one who carries on the business of buying timber and converting it into lumber for sale is a manufacturer, and not liable to indictment for failure to pay the tax and obtain a license as provided in the revenue act of 1877, ch. 156, § 12, 31.

(Remarks of Smith, C. J., upon the construction of penal statutes and substitution of "and" for "or.")

INDICTMENT for a Misdemeanor tried at October Term, 1877, of NEW HANOVER Criminal Court, before *Meares, J.*

The defendants are charged with violating the provisions of section 12 and 31 of chapter 156 of the revenue act of March 10, 1877. Section 12, so far as it is necessary to be set out, is in these words: " Every merchant, jeweler, grocer, druggist, and every other *trader* who as principal or agent carries on the *business of buying or selling goods, wares or merchandise* of whatever name or description, except such as are specially taxed elsewhere in this act, shall in addition to his *ad valorem* tax pay as a privilege tax, five dollars and one-tenth of one per cent. on the total amount of purchases in or out of the state, for cash or on credit; but no retail merchant shall be required to pay any tax on purchases made from wholesale merchants residing in this state."

Section 31 declares that "every person who shall practice any trade or profession, or use any franchise taxed by the laws of North Carolina, without having first paid the tax and obtained the license as herein required, shall be deemed guilty of a misdemeanor," &c.

The indictment alleges that the defendants "did unlawfully follow the trade of timber and lumber merchants without having paid the tax and obtained the license therefor required by law." A special verdict was found by the jury, so much only of which will be set out as presents the question of law involved. The jury find that the defendants are partners under the firm name of James H. Chadbourn & Co., and are the owners of a large steam saw and planing mill in the city of Wilmington. Their sole business is to buy timber and convert the same by sawing and planing into lumber and boards, which they sell in the market. They do not sell timber, and do not buy lumber. There are certain persons well known in the trade as lumber merchants, who buy lumber to sell again, but the defendants are not of that class."

And thereupon His Honor, being of opinion with defendants, held that they were manufacturers and not embraced within the provisions of the act, from which ruling *Moore,* solicitor for the state, appealed.

*Attorney General,* for the State.
*Mr. E. S. Martin,* for the defendants, cited and remarked upon, among other authorities, *Potter* v. *Madre,* 74 N. C., 36; 2 Parson's Con., 427; *Brown* v. *Maryland,* 12 Wheat., 439; Dwarris Const. Stat., 236; *Com.* v. *Campbell,* 33 Penn. St., 380.

SMITH, C. J. (After stating the facts as above.) The judge before whom the cause was tried was of the opinion that the employment and business in which the defendants were engaged did not bring them within the prohibition of

the statute, and ordered their discharge. The appeal brings before us the question, whether the defendants are included in any of the descriptive words of section 12—" merchants, jewelers, grocers, druggists, or other trader who carries on the business of buying or selling goods, wares, or merchandise ;" in other words, are they *traders* within the purview and meaning of the act? We concur in the opinion of the judge in the court below that they are not. Words used in a statute bear that sense in which they are understood in the common business of life and in the intercourse of men. Their meaning is ascertained from general use. A *trader* as defined by an eminent lexicographer " *is one engaged in trade or in the business of buying and selling*," and such is the popular acceptation of the term. The goods are sold substantially in the form in which they are bought, and the difference between the sums paid and received constitutes the profit of the business. The defendants' occupation does not answer this definition. They are rather manufacturers who by skill and labor convert what they get into another and more valuable form of property. The manufacturer of shoes purchases the leather and other materials from which they are made, and then sells them at a large advance. He both buys and sells, but he is not a trader. So with the defendants who purchase the tree or log and dispose of the lumber and boards which are made from it. They do not buy and sell the same article and in an unchanged condition. The manufacturing process intervenes, and this gives name and character to their pursuit. The statute obviously refers to a different class of business men, in imposing the license tax in this clause. The meaning is also manifest from the preceding and associated words. Merchants and the others named are such as buy and sell for profit, without transforming the article into something else to which their labor and skill have imparted a higher value. The word, though of more comprehensive scope than those pre-

ceding, belongs to the same general class. *Noscitur a sociis* is a rule of interpretation applicable to the case.

It is true the act speaks of those who carry on the business of *buying or selling*, using the disjunctive preposition and separating the one act from the other, and apparently making each a distinct offence; but still, they are traders who buy or sell, and not others of a different calling. Though by a strict interpretation either act, buying or selling, without a pre-payment of the tax and a license, may be a misdemeanor and punishable as such, still they must be *traders* who buy or sell, and not others who follow a different occupation. The offence is consummated only when the act of buying or selling is done by one whose business it is to buy and sell, and in the exercise of his calling. This interpretation relieves the statute from many of the difficulties pointed out in the elaborate argument of defendants' counsel. But if it were neccessary in a law so highly penal, the sentence might perhaps admit of a construction which substitutes the copulative in place of a disjunctive word and thus make this harmonious with the other provisions of the act. But we do not deem it necessary to change the phraseology of the sentence to give it full operation and effect according to the obvious intent of the framers of the law.

That the mere act of selling without a previous buying by one who is not a trader is not within the contemplation of the act, is manifest in the fact that the per centum tax to be paid is imposed only on the amount of purchases, and in the case supposed could not be collected at all. And if the act of selling by those who are not traders without the license is not an offence, neither for the same reason can the act of buying be an offence. We will not pursue the discussion further, nor do we deem it necessary to cite authorities in support of our conclusions.

It will be noticed that no specific act is charged in the bill,

the averment being that the defendants did at a certain day, and place "follow the trade or profession of timber and lumber merchants." We do not wish to be understood as holding that an averment in terms so general is sufficient to describe the offence. Perhaps it could not be set out in a more precise and specific form. We advert to the matter only to say as it is not necessary we express no opinion on the point. The special verdict does not sustain the allegations in the indictment, nor do the facts found bring defendants within the penalty of the act. This will be certified, &c.

No error.                                                   Affirmed.