## STATE v. WILLIAM YEARBY.

*Butcher, not a dealer under revenue act.*

One who carries on the business of a butcher is exempt from the tax imposed by section twelve, schedule B of the revenue act of 1879. He is not a *dealer* within the meaning of the act.

(*State* v. *Chadbourn*, 80 N. C., 479, cited and approved.)

INDICTMENT for a Misdemeanor tried at January Special Term, 1880, of WAKE Superior Court, before *Avery, J.*

The solicitor for the state appealed from the ruling of the court upon the facts found by a special verdict, which is sufficiently set out in the opinion.

*Attorney General*, for the state.
*Mr. A. M. Lewis*, for the defendant.

SMITH, C. J. The defendant is charged with a violation of sections 12 and 32, schedule B, of the act of March 14th, 1879, entitled "an act to raise revenue," in failing to take out license to practice the profession of a butcher, and the jury render a special verdict, the material facts of which are found as follows:

The defendant between the first days of January and July of the year 1879 in the city of Raleigh carried on the business of a butcher, and was engaged in buying oxen, steers, cows, hogs and sheep, which he slaughtered, cut up and sold in pieces to various purchasers at his stall, without having any license or paying any tax therefor. Upon this finding the court adjudged the defendant not guilty and the solicitor appealed.

In the recent case of *State* v. *Chadbourn*, 80 N. C., 479, we had occasion to examine and construe a similar provision in the revenue act of March 10th, 1877. The defendants in.

36

that case were proprietors of a steam saw and planing mill, and their business was to buy timber, and by sawing and planing, convert it into lumber and boards which they sold in the market. It was held that their calling was not within the purview of the act and they were not liable to the tax. The occupation of a butcher who purchases live animals suitable for food, and, after slaughtering and cutting them, sells in pieces at his stall, is not dissimilar. He does not buy and sell *the same article and in the same condition* as a mere *trader.* He buys a cow, a hog, or a sheep; he sells beef, pork or mutton. His labor and skill have been employed in making the change, and enhance the price. The reasons assigned for the exemption of the manufacturer of boards apply with equal force to the butcher. There is however some difference in the words used in the corresponding sections of the revenue laws. In place of the expression, "and every other *trader* who, as principal or agent, carries on the business of buying *or* selling goods, wares or merchandise," used in the former act, the latter substitutes "and every other *dealer* who shall buy *and* sell goods, wares or merchandise," and while, in the interpretation of the section, the opinion lays stress upon the word *trader,* that substituted in its place, and of the same import, as defined by Worcester, and with the like associations, must be allowed the same force and effect. If the general assembly had intended to make the section more comprehensive, language more direct and clear would have been employed to convey their meaning. On the contrary by coupling the two acts of *buying and selling,* as descriptive of the dealer to be taxed, instead of disjoining them, as before when applied to the *trader* in the act of 1877, it must be inferred that the purpose was to render the law more explicit, and in conformity with the construction put upon it. We must therefore adhere to our former decision and declare the butcher also exempt from the tax imposed in section 12 of schedule B.

No error.                                        Affirmed.