THE STATE v. P. M. PENDERGRASS.

*Municipalities—Police Regulations—City Ordinances.*

1. Municipalities cannot use the powers to regulate their affairs to create monopolies for the benefit of private individuals; nor can they enact rules or ordinances imposing penalties that do not operate equally upon all citizens of the State who come within the corporate limits.

2. An ordinance of the town of Durham which enacted that no fresh meats should be sold in said town outside of the market-house— it appearing that a suitable and convenient market-house had been provided—was a valid exercise of its police powers.

This was an INDICTMENT for a violation of an ordinance of the town of Durham, in selling fresh meat in the town and not at the market-house, tried at October Term, 1889, of the Superior Court of DURHAM County, before *Graves, J.*

The jury returned a special verdict, to-wit:

"The town of Durham is a municipal corporation, with power, under its charter and under the general law, to regulate its markets and prescribe at what place and in what manner, in the town, shall be sold marketable things; that the town of Durham has established a market-house sufficient in size and conveniently located, for the sale of marketable things; that the Board of Commissioners of the town aforesaid, at their meeting held on June 18th, 1889, enacted the following ordinance: 'No persons shall sell any fresh meats within the corporate limits of the town of Durham, outside the market-house of said town: *Provided,* that this ordinance shall not apply to persons selling beef of their own raising, by the quarter. Any person violating this section shall be fined five dollars for each day said ordinance is violated on and after the first day of July, 1889'; that on the 25th day of September, 1889, the defendant, within the corporate limits of the town of Durham, and outside the market-house of said town, offered to sell fresh meat, to-wit, beef, not of his own raising and not by the quarter, to William Shelburn, Charles P. Haweston and others living within the corporate limits of said town, and said William Shelburn, Charles P. Haweston and others did thereby agree to buy the same, and that the defendant subsequently, and during the day aforesaid, did deliver the quantities of beef so agreed to be bought, at the residences of the said William Shelburn, Charles P. Haweston and others, and the defendant did, at the time and places of delivering, during the day aforesaid, receive from the parties aforesaid the price in money agreed to be paid for said fresh meat; that the defendant obtained the fresh meat delivered as aforesaid from a stall or house outside

of the corporate limits of the town of Durham, and at his said stall or house, weighed and cut the fresh meat delivered in parcels to the said William Shelburn, Charles P. Haweston and others as aforesaid. If, upon the foregoing facts, the Court be of opinion that the defendant is guilty, then the jury so find for their verdict; but if the Court be of a contrary opinion, then the jury for their verdict find the defendant not guilty." Whereupon, it is adjudged by the Court that the said defendant is guilty, and that he pay a fine of five dollars and the costs of the prosecution, from which judgment the defendant prays an appeal to the Supreme Court.

*The Attorney General,* for the State.
No counsel *contra.*

AVERY, J —after stating the facts: The Legislature unquestionably has, and frequently exercises, the right to regulate trade as contra-distinguished from restraining it, and while it would not be within the purview of its powers to pass a law prohibiting the sale of sound and wholesome meat in any locality, or permitting the authorities of a town to do so, it can confer upon municipalities the power to prescribe, by their ordinances, the manner of disposing of it, for the purpose of protecting the public health or promoting good government, as by prohibiting it to be retailed except at designated market-places. 1 Dillon Mun. Corp., §§ 380, 386, 389; *State* v. *Moore,* 104 N. C., 714 (S. E. Rep., Vol. 10, p. 144); *Intendant* v. *Sorrell,* 1 Jones, 49. In *St. Louis* v. *Jackson,* 25 Mo., 37, precisely the same question was presented as that before us, and the Court sustained the right of the city of St. Louis, under a general grant by the Legislature of power to regulate the sale of meats, to forbid by an ordinance the sale in smaller quantities than one quarter.

Towns or cities cannot use this power to create monopolies for the benefit of private individuals, nor can they pass by-laws imposing penalties that do not operate equally upon all citizens of the State who may come within the corporate limits. *State* v. *Moore, supra; State* v. *Chambers*, 93 N. C., 600; 1 Dil. Mun. Corp., § 380. The ordinance before us for construction is general in its character, and is, therefore, like a public law that applies to a particular locality, free from objection as imposing peculiar restraints upon, or extending special privileges or immunities to, any one.

There is no error.

Judgment affirmed.