## THE STATE v. M. SUMMERFIELD.

*Municipal Corporations—Police Power—Town Ordinance.*

The General Assembly may confer upon a municipal corporation the authority to forbid the exposure for sale of produce or other merchandise on any side-walk, or the space in front of a building used as a side-walk, in such manner as may incommode passengers, notwithstanding the municipality may not have acquired an easement or title to the soil in the area within which the prohibition is intended to operate.

This was a CRIMINAL ACTION, instituted by a warrant returnable before the court of the Mayor of the town of Durham, and carried by appeal to the Superior Court of DURHAM County, where it was tried at the October Term, 1890 before *MacRae, J.*

The special verdict of the jury and the ruling and judgment of the Court were as follows:

The jury for their verdict find—

1. The town of Durham is and was at the time of the commission of the alleged offence hereinafter specified, a municipal corporation, chartered under the Laws of 1868-'69 and 1874-'75, chapter 110 as amended by the Laws of 1888-'89. That among other powers given the commissioners of said town by its said charter is the following: "Sec. 33. That the commissioners, when convened shall have power to make and provide for the execution thereof, such ordinances, by-laws and regulations for the better government of the town as they may deem necessary: *Provided*, the same be allowed by the provisions of the act and consistent with the law of the land."

2. That the commissioners of said town, duly convened in meeting prior to the 19th day of September, 1890, made and enacted the following ordinance or by-law, viz.: "Sec. 9, chapter 2, No produce, merchandise, cooked provisions,

poultry, fruits, vegetables or other commodity shall be kept exposed for sale in or upon any sidewalk or the space in front of building used as sidewalk, alley, gutter or street of the town, nor shall any stand be placed thereon for such purpose. Nor shall any such articles be exposed as samples on any of the alleys, sidewalk or the space in front of building used as sidewalk or street in such manner as to be in the way of persons travelling the same. Any person violating this provision shall, upon conviction, be fined five dollars for each offence."

3. That the sidewalk on Main street in said town is ten feet wide; that the distance from the outer curbing of said sidewalk to the buildings is more than ten feet; that the whole of said space from the outer curbing of the said sidewalk to the building is more than ten feet; that the whole of said space from the outer curbing to the building has been paved by order of the town authorities, but at the expense of the owner of the property, B. L. Duke; that said space used has never been condemned for the public use, nor held adversely by the town, but used as a sidewalk for a number of years, but not for twenty years; B. L. Duke leased said property to the defendant.

4. That the defendant's place of business is on Main street in said town.

5. That, on the 19th day of September, 1890, the defendant exposed merchandise, to-wit, clothing, for sale and as samples on the said space not included in the said ten feet from the outer curbing, so as to be in the way of persons travelling on said space not included in the said ten feet.

Upon the said facts if the Court be of opinion that the defendant is guilty, the jury find her guilty, but if the Court be of the opinion that the defendant is not guilty, the jury find her not guilty.

The Court being of opinion that the defendant was guilty, a verdict was rendered in accordance with that opinion and

STATE *v.* SUMMERFIELD.

the defendant was adjudged to pay a fine of five dollars and costs. From which the defendant appealed.

*The Attorney General* and *Mr. W. W. Fuller,* for the State. *Mr. R B. Boone,* for the defendant

AVERY, J.—after stating the facts: Under the general police power, the Legislature may delegate to a municipality the authority to pass ordinances for the preservation of the health or the promotion of the comfort, convenience, good order and general welfare of its citizens, provided always that they are not in conflict with the provisions of the Federal and State Constitutions, framed for the protection of the citizens in the enjoyment of equal rights, privileges and immunities. *State* v. *Moore,* 104 N. C., 714; *State* v. *Pendergrass,* 106 N. C., 664.

Counsel for defendant rested their case here upon the ground that in passing the ordinance under which the indictment was framed, the town of Durham assumed control of or appropriated the land between the sidewalk and the store which belonged to defendant's lessor, Duke, and passed under her dominion by virtue of her lease, without making compensation for it. It must be admitted that the corporation has offered no testimony tending to prove an easement in the space two feet wide immediately in front of the building. While the street and sidewalk, for the purposes of this action, are considered as either condemned or dedicated to public use, it does not appear that the municipal authorities have exercised any control over the space mentioned except to put paving upon it, and the evidence is that the street was not paved twenty years before the Mayor's warrant was issued. It is manifest, therefore, that the absolute ownership of the strip of land was still in the defendant's lessor, and the right to use it, subject only to such reasonable restraint as the Legislature or the town in the

107—57

exercise of its delegated police powers might impose, passed to the lessee. *State* v. *Purify,* 86 N. C., 681; *Stewart* v. *Frink,* 94 N. C., 487. So that the only question presented is, whether the municipal authorities had the power to pass the ordinance for the violation of which the defendant was tried. Under the charter of the town, the commissioners, it seems, had the power to pass any ordinance in the nature of a police regulation that was "consistent with the law of the land," or, in other words, was not in conflict with the Federal or State Constitutions and was not prohibited by the express provisions of the charter itself. We infer from the statement that the municipal authorities are not expressly prohibited from passing the by-law by the charter, and, therefore, the discussion must be confined to the single question whether the Legislature could empower the commissioners to pass it. The ordinance applies to all classes of persons and is public in its character, and, therefore, if it is not calculated to restrain, but only to impose reasonable regulations upon the conduct of trade and for a legitimate purpose, the commissioners had authority to enact it. *State* v. *Moore, supra; State* v. *Pendergrass, supra.*

The Courts have been disposed to construe much more liberally grants to municipalities of authority to exercise a limited control over the markets by prescribing reasonable regulations either for the protection of the health or the comfort or convenience of its people, than laws that purport to invest such corporations with more extraordinary powers. 1 Dillon Mun. Corp., § 380.

The ordinance prohibits all dealers from exposing, either on the sidewalk or other space in front of a building "used as a sidewalk, alley, gutter or street of the town, any produce, merchandise, cooked provisions, poultry, fruit, vegetables or other commodity."

The General Assembly having delegated to the corporation general police power, restricted only by any inhibition

in the organic law or in the express provisions of the charter itself, we hold that the commissioners were authorized to forbid · by general ordinance the exposure of any of the articles named on the land used as a pass-way in front of the stores, as well as upon the sidewalks, in such manner as to be in the way of persons passing over such open space.   It is admitted that the defendant exposed clothing for sale between the building occupied by her and the sidewalk.   While the corporation could not claim that the land on which the clothing was placed constituted a part of the street, and while Duke, the owner, would have the unquestionable right at least at any time, before the expiration of twenty years from the laying down of the pavement over it, to extend his building so as to cover it, so long as the lessor and lessee leave it open for people to pass over it to the store the commissioners, in the exercise of their powers, may prohibit them from obstructing it by the merchandise.   The fact that produce, merchandise, meats, etc., exposed in front of stores might, in the opinion of the commissioners, based on reasonable grounds, endanger the health of the citizens of the town or incommode them in passing by a way left open for them by the owner, or might frighten horses attached to vehicles driven along the streets, would be sufficient to warrant the enactment under the general authority to prohibit nuisances, protect health and prevent individuals from so using their own property as to subject others to serious and unnecessary inconvenience or danger.   *State* v. *Stovall*, 103 N. C., 416; Cool. Const. Lim., star p. 58; *Intendant* v. *Sorrell*, 1 Jones, 49.

Affirmed.