STATE v. J. G. HORD.

(Decided April 26, 1898).

*Violation of Town Ordinance—Discrimination— Nuisance.*

1. A nuisance is to the public, or to others, and not an injury or annoyance which a person causes to himself and family.

2. Under the Statute (Section 3802) of *The Code,* as well as at common law, the Commissioners of a town can prohibit the keeping of hog pens in a town to such an extent as to protect the public from nuisances, and of the limits necessary to be prescribed they are the sole judges unless the ordinance made for the purpose be unreasonable.

3. A town ordinance is not void for discrimination, which prohibits a citizen from keeping hog pens within 100 yards of the residence of another but does not prohibit him from keeping them within like distance from his own.

CIVIL ACTION for the violation of the ordinance of the town of King's Mountain, tried before *Hoke, J.,* and a jury at Fall Term, 1897, of CLEVELAND Superior Court, on appeal from a judgment of the Mayor of said town.

The ordinance in question was as follows:

"Any person who shall keep a hog pen with a hog therein within one hundred yards of another's dwelling, storehouse or well, shall pay a fine of five dollars for

each day such pen with a hog therein is so kept; and if any person shall keep a hog within one hundred yards of another's dwelling, storehouse or well, such person so offending shall be fined five dollars for each day the hog is so kept, unless such hog shall be at large in field or inclosure, containing at least two acres."

The defendant introduced no evidence, but admitted that he had kept the hog at the date mentioned in an inclosure less than two acres within the town of King's Mountain, and within three hundred feet of the dwelling mentioned in the complaint, but contended that said ordinance was in violation of the Constitution, was unreasonable in its terms, not uniform, and beyond the power of the town authorities to make. The population of King's Mountain is agreed to be seven hundred.

Section 4, of the Charter of the Town, is as follows: "The Commissioners of the town shall have power to pass all by-laws, rules and regulations for the good government of the said town not inconsistent with the laws of the State or of the United States."

Upon considering the case, his Honor instructed the jury that, if they believed the evidence, they should find the defendant guilty. The jury returned a verdict of guilty. There was a motion for a new trial for error committed by his Honor in instructing the jury that, if they believed the evidence, they should find the defendant guilty. The motion was overruled, and defendant excepted and appealed.

*Messrs. Zeb V. Walser, Attorney General,* and *E. Y. Webb,* for the State.

*Messrs. Jones & Tillett* and *Osborne, Maxwell & Keerans* for defendant (appellant).

CLARK, J.: *The Code*, Sec. 3802, confers on every town and city the power "to pass laws for abolishing or preventing nuisances and for preserving the health of the citizens." Under such authority the Board of Town Commissioners could forbid the keeping of hog pens in the town to such an extent as they might deem necessary to prevent nuisances to the public, and, indeed, they could have done so without this express authority. 2 Kent. Com. 340; 1 Dillon Mun. Corp. (4th Ed.) Sec. 369. In a thickly settled town, the town ordinances usually forbid the keeping of hog pens altogether, not because they may be injurious to the owner of the hogs but because they are nuisances to the public. In a less thickly settled town, as King's Mountain, a prohibition of hog pens within one hundred yards of another's dwelling may be a sufficient protection against a nuisance to the public; of that the Commissioners, the local legislature, are the sole judges (*Hill* v. *Charlotte*, 72 N. C., 55) unless their ordinance is unreasonable. In the more thickly settled parts of the town the prohibition of a hog pen within 100 yards of the residence of another will be a prohibition of keeping hog pens altogether. The object of the ordinance is not to prevent a man from injuring himself by keeping his hog pen too near his own house, for that is a matter he can remedy at will, but to protect the public against a nuisance which they have no power to prevent except through the authority of a town ordinance acting on the offender.

A nuisance is to the public, or to others, and not an injury or annoyance which a person causes to himself and family. It is an anomaly that the defendant, who has disobeyed the ordinance forbidding him to commit a nuisance upon the public, should be complaining that the town did not go further and forbid him being a nui-

sance to himself.    He could refrain from that without official help.

There is no discrimination in this ordinance, for it forbids all citizens alike from keeping hog pens within 100 yards of the residence of another.    The learned counsel of the defendant, however, frankly admitted that it is not every discrimination which would make a town ordinance invalid and that this would be the case only when the discrimination is an unreasonable one. *State* v. *Call*, 121 N. C., 643 (at page 648); Slaughter House Cases, 83 U. S., 36.

No error.