This is a criminal action originally begun in the mayor's court of the city of Wilmington wherein the defendant is charged with doing "scavenger work for pay at the surface closet of W. S. Royster, *Page 740 
without having license to do such scavenger work and not being employed by the licensed scavenger of the city" of Wilmington. The closet is thereafter referred to as belonging to Niestle. The following are the admitted facts:
That in January, 1899, the defendant made a contract with William Niestle to do his scavenger work for the term of one year by cleaning the closet at his store once a week and that at his residence once every two weeks; that he was to receive 15 cents each time for cleaning the store closet and 25 cents for the residence closet; that he continued to do this work without license after the passage of the ordinance, and that when the contract was made no license was required, and any one was at liberty to contract for such work. The city ordinance was introduced providing: that the city shall be divided into eight sanitary districts; that "persons proposing to do scavenger work of one or more districts shall submit bids for doing the work for a term of one year"; (1141) that "the board of health may refuse any and all bids of scavenger work, and shall have power to decide who are competent bidders"; that in case of disagreement between the owner or occupant and the scavenger as to the work having been properly done, the question shall be referred to superintendent of health; that "all closets must be cleaned at least once a month, and more frequently if ordered by thesuperintendent of health"; that "the charges for cleaning closets shall be governed by the previous going rates, and shall not exceed 25 cents per closet in the first, second, seventh and eighth, and in third, fourth, fifth and sixth districts east of Tenth street, and shall not exceed 50 cents in the third, fourth and sixth districts west of Tenth street."
W. R. Slocumb testified for the State as follows: "I am the regular licensed scavenger for the city of Wilmington, and the defendant was not working under me at the time he was charged with doing scavenger work without license. I am the only licensed scavenger in the city of Wilmington. I do not receive any pay from the city of Wilmington for my work. I collect of the parties for whom I do scavenger work. I have it doneand pay a certain per cent of the proceeds of such work for same. I do notknow what per cent I pay — do not know whether I pay 10 per cent, 25 per cent or 50 per cent. There are no public sewers in the city of Wilmington."
It does not appear what were the charges of the city scavenger, but we presume they were the full amounts allowed, as our attention has not been called to any instance where a municipal contractor, holding an exclusive privilege, has charged less than the maximum allowed by his contract. We do not say that there are no such cases, but their whereabouts are unknown to us. The real point in the case is not very clearly presented by the prayer for instruction, but it clearly appears *Page 741 
from the case itself. The prisoner is not charged with carrying on the business of a public scavenger, but simply with doing the work for one man; and it is admitted in the argument that the effect (1142) of the ordinance would be to prevent the owner himself from removing the refuse from his own premises. This is clearly an interference with a natural right, and while this may be allowable on the ground of public necessity, some such necessity must appear, and the ordinance must be reasonable in its provisions. S. v. Higgs, ante, 1014; 1 Dillon Mun. Corp. (4 Ed.), sec. 319; 2 Wood on Nuisances (3 Ed.), sec. 745; Mayor v.Redecke, 49 Md. 217. Is the ordinance under consideration reasonable in its provisions or just in its results? We are compelled to think that it is not. It takes away from the citizen a natural and a necessary right without apparent necessity, and substitutes nothing adequate to take its place. The owner can not clean up his own premises, no matter how filthy they may become, and the public scavenger can not be made to clean them oftener than once a month without an order from the superintendent of health. This case does not question the right of the city to clean all closets, or to have them cleaned or kept clean; but it involves the right of the owner himself to clean up. If the ordinance has that effect, and the State claims that it has such an effect, then it is void at least pro tanto. In this particular the effect of the ordinance is not to keep the city clean, but rather to keep it dirty for the time being. It is a matter of common knowledge that refuse matter quickly decays during the summer months, and it can scarcely be contended that merely a monthly cleaning is sufficient to keep a closet in a healthy condition in a warm climate.
Are the rates allowed to the public scavenger reasonable? If the ordinance were otherwise valid, we would hesitate to interfere with it on this ground alone, and we do not decide it as a matter of law, but to us it seems questionable. What is meant by the words in (1143) section 7, of the ordinance — "shall be governed by the previous going rates" — is unknown to us, and we have not been favored with any explanation either in the record or the argument. We assume that the scavenger would be entitled to charge 25 or 50 cents, as the case might be, for each time a closet was cleaned. The result to Niestle would be that to have his work done by the city scavenger would cost him at least $19.50, and possibly $39, according to his location. It is now costing him $14 by private contract. The result of the ordinance would be that any one who lived in the humblest cabin in the farthest corner of the city would be compelled to pay at least $3 a year for the privilege of having a closet, and much more if he wished to keep it in a decent condition. No matter how humble he may be, or how willing to do the *Page 742 
most menial labor, he would be compelled to employ the city contractor to clean his own premises, and of course to pay him at the contract rates.
As bearing somewhat on the rate of compensation, we are informed that the city of Raleigh charges a license tax of $1 per year for each surface closet, and keeps its clean without further expense to the owner. We do not know the relative expense of performing such duties in Raleigh and in Wilmington, nor is it within our province to inquire, but such gross disparity might well be questioned on the ground of fairness or necessity.
In the case at bar the defendant could not have obtained a license, even if he had applied for one, as the city was all under contract. Had it not been, he would not have been licensed as a scavenger unless he had bid for an entire district. Even then he had no assurance of obtaining it, no matter how low he bid, as the board of health retained the right to refuse any and all bids, and to "decide who are competent (1144) bidders." The public scavenger was not required to do any special duty or to perform his duty in a special manner. He was not required to use carts or implements of any special kind, or to use any special precautions either for cleanliness or disinfection. As far as we can see from the record, the defendant was fully as well equipped for such work as the city scavenger himself, who indeed, does not appear to have performed any personal duties other than perhaps making certain reports, or possibly superintending those who were working for him on shares.
We will briefly examine the authorities that have been cited in support of the contention of the State, none of which are strictly applicable in our view of the case:
In S. v. Hord, 122 N.C. 1092, the Court says, on page 1094: "Of that the commissioners, the local Legislature, are the sole judges unless theirordinance is unreasonable."
 Hill v. Charlotte, 72 N.C. 55, simply holds that a municipal corporation is not liable to an action for damages in the exercise of discretionary powers.
In Vandine's case, 23 Mass. 187, while the Court recognized the power of the city to require public scavengers to take out a license, it held that the ordinance must be reasonable. It says on page 191: "To arrive at a correct conclusion whether the by-laws be reasonable or not regard must be had to its object and necessity." And again on page 192: "We are all satisfied that the law is reasonable, and not only within the power of the government to prescribe, but well adapted to preserve the health of the city."
In Commissioners v. Stodder, 56 Mass. 563, the Court says, on page *Page 743 
571: "We can not doubt that a by-law, reasonably regulating the use of the public streets of the city . . . would be valid and (1145) legal." It then concludes on page 576 as follows: "A by-law, to that effect, is an unnecessary restraint upon the business of those carrying passengers for hire, and not binding upon inhabitants of other towns. For this reason the by-law must be held invalid as respects the defendant."
Boehm v. Mayor, 61 Md. 259, which at first glance seems to fit our case, has really no direct bearing. There, the action was brought by a public scavenger to recover from the mayor and city council of Baltimore damages alleged to have resulted from their wrongful act in suspending and revoking his license. The Court held that the city had the power to passreasonable by-laws requiring a license from a public scavenger, and requiring all refuse matter to be carried off in carts of a certain character; that such by-laws were reasonable, and that the plaintiff could not recover damages for the revocation of his license. The Court in its opinion distinguishes this case from Mayor v. Redecke, 49 Md. 217, in which certain ordinances of the city of Baltimore were held unreasonableand invalid.
In Louisville v. Wible, 84 Ky. 290, the Court held that the city could not, upon its mere caprice or to gain a pecuniary advantage, violate a contract, which it had made upon a valuable consideration with an individual, whereby it granted to him the exclusive right for five years to the use of its streets for the purpose of removing the bodies of all dead animals from its streets, alleys, etc. The second headnote of that case is as follows: "The exclusive privilege of hauling the bodies of dead animals out of a city along its streets, having been granted by the city to an individual, others can not be allowed to buy up such dead animals and haul them out along the streets, although the original owners have the privilegeof thus removing them." That case does not appear to be an authority against the right of the owner to remove refuse from his own premises.
The Slaughter House Case, 83 U.S. 36, discusses at great (1146) length and with great ability the question of monopoly under the Fourteenth Amendment to the Constitution of the United States, but they do not appear to us to directly affect the principle now under consideration, that is, the necessity and reasonableness of the ordinance.
We are not disposed to question the law as laid down in 1 Dillon Mun. Corporations, sec. 144, as to the duty and power of a municipal corporation to preserve the public health and safety, but by lawful means, and in subordination to the principles enunciated by the same author in sections 319, 320, 321, 322, 325. These sections expressly lay down the rule that all ordinances "must be reasonable and lawful; must not be *Page 744 
oppressive; must be impartial, fair and general; and must not contravene common right." But one citation remains to be examined, that ofBrodnax v. Groom, 64 N.C. 244. The subject-matter of that decision was an act of the Legislature providing: "That the commissioners of the county of Rockingham be and they are hereby authorized to levy and collect a special tax for the purpose of building and repairingbridges in said county." The Court says, on page 249: "Repairing and building bridges is a part of the necessary expenses of a county, as much so as keeping the roads in order or making new roads; so the case before us is within the power of the county commissioners. How can this Court undertake to control its exercise? Can we say, such a bridge does not need repairs, or, that in building a new bridge near the site of an old bridge, it should be erected as heretofore upon posts, so as to be cheap, but warranted to last for some years, or, that it is better policy to locate it a mile or so above, where the banks are good abutments, and to havestone pillars, at a heavier outlay at the start, but such as will insure permanency, and be cheaper in the long run?" This language, half (1147) humorous and half sarcastic, was surely never intended to apply to the constitutional rights of the citizen which are not held at the pleasure of a board of aldermen, or even of the Legislature.
We do not say that the defendant, or even the owner of the premises, had the right to clean out their closets in a manner offensive to their neighbors, or detrimental to the public health and comfort. They would be subject to such reasonable regulations as were necessary to attain these ends. Nor do we say that the city might not under reasonable regulations require any one to take out license before acting as a public scavenger, or even do the work through its own officers. Such cases are not before us.
We are constrained to say that the ordinance, construed as it appears to us, is not shown to be reasonable, necessary or just; and therefore, being in derogation of common right, must be held invalid in its application to the case at bar.
Error.
CASES DISPOSED OF BY PER CURIAM ORDER
LEWIS v. BATEMAN, from Washington. Affirmed. H. S. Ward for plaintiff; A. O. Gaylord for defendant.
TEMPLE v. INSURANCE COMPANY, from Pasquotank. Affirmed. G. W. Ward and E. F. Aydlett for plaintiff; R. C. Lawrence for defendant.
REDDITT v. MANUFACTURING CO., from Pamlico. Affirmed. W. W. Clark for plaintiff; Osborne, Maxwell Keerans, and D. L. Ward, for defendant.
PURYEAR v. LUMBER CO., from Craven. Affirmed. D. L. Ward, L. J. Moore and Simmons, Pou Ward for plaintiff; Iredell Meares, F. H. Busbee and W. L. Watson for defendant.
POPE v. WHITEHEAD, from Nash. Affirmed. T. T. Thorne for plaintiff; F. S. Spruill for defendant.
JOHNSON v. ROGERS, from Vance. Affirmed. T. T. Hicks for plaintiff; T. M. Pittman for defendant.
BUFFALOE v. BUFFALOE, from Wake. Affirmed. Douglass Simms for plaintiff; Busbee and Argo Snow for defendant.
GOODWIN v. JOHNSON, from Harnett. Motion of appellee to dismiss defendants' appeal for failure to print, allowed. Simmons, Pou Ward for plaintiff; no counsel for defendant.
WHITTED v. PARKS, from Wayne. Affirmed. Aycock Daniels for plaintiff; Allen Dortch for defendant.
STATE v. BARBEE, from Durham. Affirmed upon the authority of State v.Chadbourn, 80 N.C. 479, and State v. Yearby, 82 N.C. 561. Attorney-General for State; Boone, Bryant Biggs for defendant.
PARHAM v. R. R., from Granville. Affirmed. A. W. Graham and J. W. Graham for plaintiff; Winston Fuller, J. B. Batchelor (1151) and W. H. Day for defendant.
CHAPPELL v. MORRIS, from Durham. Affirmed. Manning Foushee for plaintiff; Boone, Bryant Biggs for defendant.
TATE v. FORSHEE, from Alamance. Affirmed. C. E. McLean, E. S. Parker and Womack Hayes for plaintiff; no counsel for defendant.
KERR v. WADLEY, from Sampson. Affirmed. J. D. Kerr and F. R. Cooper for plaintiff; Stevens Beasley and L. V. Grady for defendant. *Page 748 
GRAHAM v. WALKER, from Pender. Dismissed for failure to print. Motion to reinstate denied. J. D. Kerr for plaintiff; F. R. Cooper and Stevens 
Beasley for defendant.
RHODES v. MOYE, from Lenoir. Affirmed. Battle Mordecai for plaintiff; Y. T. Ormond for defendant.
WORTH v. LANCASHIRE, from Cumberland. Affirmed. J. W. Hinsdale, and Shepherd Busbee and R. C. Lawrence for plaintiff; H. L. Cook for defendant.
McCASKILL v. LANCASHIRE, from Cumberland. Affirmed. J. W. Hinsdale, Shepherd Busbee and R. C. Lawrence for plaintiff; H. L. Cook for defendant.
KOCH v. PORTER, from Columbus. Motion to docket and dismiss defendant's appeal under Rule 17, allowed. J. B. Schulken for plaintiff; no counsel for defendant.
CHURCH v. McDUFFIE, from Cumberland. Motion to docket and dismiss defendant's appeal under Rule 17, allowed. N. A. Sinclair for plaintiff; no counsel contra.
(1152) ROUSE v. TELEGRAPH CO., from Iredell. Motion to dismiss for failure to print, allowed. L. C. Caldwell for plaintiff; Armfield Turner for defendant.
BOWDEN v. R. R., from Iredell. Affirmed. B. F. Long and W. G. Lewis for plaintiff; G. F. Bason and A. B. Andrews, Jr., for defendant.
STATE v. HAMBY, from Wilkes. Dismissed for want of appeal bond. Attorney-General for State; no counsel for defendant.
STATE v. McGLAMMERY, from Wilkes. Affirmed on authority of State v. Ray,89 N.C. 589. Attorney-General for State; R. N. Hackett for defendant.
STATE v. FOSTER, from Watauga. Affirmed. Attorney-General for State; no counsel for defendant.
WILSON v. FOSTER, from Burke. Affirmed. S. J. Ervin for plaintiff; A. C. Avery for defendant.
WYCOFF v. R. R., from Catawba. Affirmed upon authority of Norwood v. R.R., 111 N.C. 236. W. C. Feimster and M. H. Yount for plaintiff; G. F. Bason for defendant. Cited: Upton v. R. R., 128 N.C. 176; Stewart v. R.R., ibid., 519, 520; Bessent v. R. R., 132 N.C. 941; Beach v. R. R.,148 N.C. 160; Talley v. R. R., 163 N.C. 577; Abernathy v. R. R.,164 N.C. 95; Ward v. R. R., 167 N.C. 151; Davis v. R. R.,170 N.C. 587. *Page 749 
KRAMER v. R. R., from McDowell. Affirmed. Morris Morgan and E. J. Justice for plaintiff; G. F. Bason for defendant. Cited: S. c.,127 N.C. 328.
STATE v. WILLIAMS, from Gaston. Affirmed. Attorney-General and Brown Shepherd for State; Osborne, Maxwell Keerans for defendant.
GARREN v. SCOTT, from Henderson. Affirmed. W. A. Smith and A. E. Posey for plaintiff; no counsel for defendant.
BAXTER v. PORTER, from Lincoln. Affirmed. Jones Tillett for plaintiff; D. W. Robinson for defendant.
HERMES v. CANNON, from Gaston. Affirmed. R. L. Durham for plaintiff; Burwell, Walker Cansler for defendant.
LEAK v. R. R., from Mecklenburg. Affirmed. Jones Tillett for plaintiff; Burwell, Walker Cansler for defendant. (1153)
HINSON v. MFG. CO., from Mecklenburg. Affirmed. W. M. Smith and Osborne, Maxwell Keerans for plaintiff; Jones Tillett for defendant.
CALDWELL v. TELEPHONE CO., from Mecklenburg. Affirmed. Jones Tillett for plaintiff; Osborne, Maxwell Keerans for defendant.
SMITH v. R. R., from Mecklenburg. Motion. to docket and dismiss defendant's appeal under Rule 17, allowed. Burwell, Walker and Cansler for plaintiff; no counsel for defendant.
LOG CO. v. COFFIN, from Swain. Affirmed. Merrimon Merrimon for plaintiff; F. C. Fisher for defendant. Cited: S. c., 130 N.C. 432.
STEWART v. EVITT, from Macon. Affirmed. J. F. Ray for plaintiff; G.S. Ferguson, S. P. Ravenel, Jr., for defendant.
COWAN v. LUMBER CO., from Macon. Dismissed under authority of McNeill,v. R. R., 117 N.C. 642. Simmons, Pou Ward for plaintiff; R. L. Cooper for defendant.
 *Page 1