## STATE v. J. C. WILKES.

(Filed 1 December, 1915.)

**1. Criminal Law—Health—Nuisance—Interpretation of Statutes.**

Evidence that defendant's stable, located within 4 feet of a family dwelling-house, was in so foul and filthy condition as to prevent, at times, a member of the family from eating his meals, and that the owner of the stable had been notified by the health officer and failed to abate the nuisance, is sufficient for conviction under the provisions of section 12, chapter 62, Public Laws 1911, and for the imposition of the fine prescribed by section 13 thereof.

**2. Trials—Evidence—Motion to Strike Out—Appeal and Error—Objections and Exceptions.**

Where testimony has been given on the trial of an action without objection, it is within the discretion of the trial judge to strike it out on motion thereafter made.

**3. Criminal Law—Health—Stables—Nuisance—Evidence—Other Stables.**

Where the owner of a stable has been indicted for maintaining a nuisance dangerous to health in the opinion of the county superintendent, chapter 62, Public Laws 1911, testimony as to the condition of other stables in the same locality is irrelevant and properly excluded upon the trial.

**4. Instructions—Oral Requests—Appeal and Error.**

Prayers for special instruction are required to be in writing, and the failure to give oral requests therefor will not be considered on appeal.

STATE v. WILKES.

APPEAL by defendant from *Devin, J.*, at April Term, 1915, of RICH-MOND. ·

Criminal action. The defendant was convicted, and from the sentence of the court appeals.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*W. R. Jones for defendant.*

BROWN, J. The defendant was prosecuted on a warrant issued from the county court of Richmond County, charging him with maintaining a nuisance in keeping a filthy stable.

Chapter 62, Public Laws 1911, in section 12, provides, in part: "Whenever and wherever a nuisance shall exist which in the opinion of the county superintendent of health is dangerous to the public health it shall be his duty to notify in writing the parties, responsible for its continuance, of the character of the nuisance and the means of abating it. Upon this notification the parties shall proceed to abate the nuisance"; and in section 13 provides: "If any person, firm, corporation, or municipality responsible for the existence and continuance of a nuisance, after being duly notified in writing by the county superintendent of health to abate said nuisance, shall fail to abate the same for twenty-four hours after such notice prescribed, he shall be guilty of a misdemeanor, and shall be fined $2 a day as long as said nuisance remains."

There is abundant evidence which justified the conviction of the defendant for maintaining a nuisance. The facts are, according to the testimony offered by the State, that his stable was situate within 4 feet of a dwelling-house within which a family lived; that it was in a foul and filthy condition to such an extent that one witness testified, who resided in the house, that at some times he could not eat his meals. The evidence shows that he was notified by the health officer, Dr. Everett, and that he failed to abate the nuisance as required by the statute. The motion of the defendant to strike out the testimony of Dr. Everett as incompetent was properly overruled. Assuming that it was incompetent, it had been admitted without objection, and it was within the sound discretion of the trial judge whether he would strike it out at that stage of the case. *S. v. Lane*, 166 N. C., 333; *S. v. Efler*, 85 N. C., 585.

The court very properly excluded testimony tending to prove the condition of other stables in the same locality. Such testimony tended to throw no light upon the condition of the defendant's stable. The court very properly refused the defendant's oral request for instructions. All prayers for instructions must be in writing. Section 538 of the Revisal; *S. v. Horton*, 100 N. C., 443.

No error.