### STATE v. E. T. BASS.

(Filed 1 March, 1916.)

**1. Municipal Corporations—Ordinances—Stables—Nuisances—Common Law.**

Stables within the limits of a town are not, at common law, regarded as nuisances *per se*, regardless of the way in which they are kept; but owing to their objectionable character when placed too near a dwelling, an ordinance of a town reasonably regulating their location is a valid one. Its terms include one in course of erection.

**2. Same—Equal Protection—Reasonableness—Valid Ordinances—Conviction.**

An ordinance of a town regulating the placing of stables with reference to their distance from dwellings, as nuisances, must be reasonable and uniform, affording protection to all citizens alike, and reasonably appropriate for the accomplishment of any legitimate object falling within the police power of the State; and where an ordinance provides a penalty for the erection of a stable closer to the dwelling of a neighbor than to the owner, the ordinance will be declared void and conviction thereunder a nullity.

**3. Municipal Corporations — Ordinances — Stables—Nuisances—Questions of Law—Trials.**

The question of the validity of an ordinance regulating the distance stables may be placed from dwellings within the corporate limits is a matter of law for the courts to decide.

CLARK, C. J., dissenting.

INDICTMENT, tried at November Term, 1915, of NASH, before *Rountree, J.,* for violating the following ordinance of the town of Nashville:

"No person or persons, firm or corporation shall build or cause to be erected any privy, stables, or stalls nearer to a neighbor's residence than it is to the owner's; and no privy shall be constructed nearer than 25 feet of any public street, under penalty of $25 for each offense. Each

day's continuance of such privy, stables, or stalls after notice by the sanitary officer shall constitute a separate offense."

The defendant was convicted, and from. the judgment pronounced appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*T. T. Thorne, A. C. Bernard for defendant.*

BROWN, J.    The defendant was convicted of erecting his stables nearer the house of his neighbor than to his own, the evidence being that they were located 14 feet 7 inches from Mrs. Collins' residence and three times that distance from his own residence.

The contention that the ordinance does not apply to a stable in course of construction cannot be maintained.    In *Privett v. Whitaker,* 73 N. C., 554, it was held that a municipal ordinance forbidding the erection of a wooden building within certain limits applied to a building the erection of which had been commenced at the time the ordinance was adopted. Stables are not *per se* nuisances at common law, to be abated regardless of the manner in which they are kept.    *Dargan v. Waddill,* 31 N. C., 244.    Nevertheless the. possibility that they may become nuisances, together with their objectionable character when located very near to dwellings, place them in the category of buildings the location of which may be designated and controlled by reasonable ordinances enacted by the municipality in which they are situated.    *St. Louis v. Russell,* 20 L. R. A., 721; McQuillin on Mun. Ord., 450; 29 Cyc., 1171; Dillon, 692.

It is contended that this ordinance is invalid because it is unreasonable and not uniform, in that it does not afford protection to all citizens alike and is not reasonably appropriate for the accomplishment of any legitimate object falling within the police power of the State.    6 Ruling Case Law, sec. 226.    The objection is well taken, as the ordinance manifestly fails to accomplish any purpose properly falling within the scope of the police power.    *R. R. v. Drainage Comrs.,* 200 U. S., 561; 6 Ruling Case Law, sec. 226, and notes.

Its purpose is presumed to be to improve the health of the inhabitants of the town, as well as to minister to their comfort.    It fails conspicuously to accomplish such purpose, as under it stables may be kept with impunity obnoxiously near any number of dwellings if they are equally as near the dwelling of the owner of the stables.    Thus it is put within the power of the owner to annoy his neighbor at will if he is willing to endure the same annoyance himself.

An ordinance to be valid must be uniform in its application to all citizens and afford equal protection to all alike.    It must not discriminate in favor of one person or class of persons over others.    To be valid it must furnish a uniform rule of action.    *S. v. Tenant,* 110 N. C., 612.

It must operate equally upon all persons, as well as for their equal benefit and protection, who come or live within the corporate limits. 1 Dillon Mun. Corp., sec. 380; *S. v. Pendergrass,* 106 N. C., 664; *S. v. Summerfield,* 107 N. C., 898.

The learned Attorney-General, with his usual candor, admits that the ordinance is void as a municipal regulation, and in his brief states the legal objections to it so strongly that we quote *in extenso:*

"The consideration that raises a grave doubt about the constitutionality of the ordinance is that the commissioners of the town, who are by statute clothed with the power and duty of exercising their judgment in the enactment of measures for the protection of the public health, have not exercised any judgment at all, and have not declared what, in their opinion, is the shortest distance from a residence a stable should be permitted, but it is left to each citizen to determine that question for himself, with the obligation that when he has determined it he must afford to his neighbor the same protection he does himself. In this view of the case there would seem to be two fatal objections to the validity of the ordinance:

"1. That it is a clear delegation of legislative power to an individual. This Court has held, in *S. v. Tenant,* 110 N. C., 609, that a board of aldermen itself cannot be vested with any discretion in the enforcement of an ordinance, upon the ground that there would be no general or uniform rule of action; and it would seem to follow that it cannot be left to the judgment, taste, or whim of an individual to say how far a stable must be from a residence.

"In *St. Louis v. Russell,* 20 L. R. A., 721, it is held that an ordinance delegating to the owners of one-half the ground in any block the power to determine whether a livery stable may be erected thereon or not is invalid, as an unconstitutional delegation of legislative power. The authorities in support of the proposition are reviewed on pages 727 and 728, *S. v. Tenant, supra,* being among the cases cited."

Again he says: "The second objection to the validity of the ordinance is that it necessarily results in a standard devoid of any element of equality or uniformity, both of which elements are essential to a valid ordinance. The practical result of the enforcement of the ordinance would be a standard as variable as the sizes of the different lots in a town and as the judgment and taste of the individual citizens. Under the ordinance there could be a hundred stables within 50 feet of a residence and none of them be obnoxious to the ordinance, and at the same time there could be a hundred other stables more than a hundred feet from any residence and all of them a violation of the ordinance. The owner of a large lot could build his stable 300 feet from his residence, but if it happened to be within 250 feet of a residence of another he would be subject to indictment; but if he moved up his stable so that

it would be 100 feet from his own residence and 110 feet from a dozen other residences, he would 'clear the law.'

"The proposition that a stable 250 feet from a single residence is a menace to the public health, while the same stable moved to a point within 110 feet of a dozen residences would not be a menace to the public health, has in it elements of unreasonableness worthy of the serious consideration of this Court."

What is so well said by *Clark, J.,* in *S. v. Hord,* 122 N. C., 1094 (sustaining an ordinance prohibiting a resident from keeping a hogpen within 100 yards of his neighbor's residence) is peculiarly applicable to this case: "The object of the ordinance is not to prevent a man from injuring himself by keeping his hogpen too near his own house, for that is a matter he can remedy at will, but to protect the public against a nuisance which they have no power to prevent except through the authority of a town ordinance acting on the offender." The ordinance now under consideration is the converse of that. Under this ordinance one may injure his neighbor, if from necessity or caprice he is willing to endure the same injury himself.

That the reasonableness or validity of a town ordinance is a matter of law for the court and not the jury to decide is well settled. *Small v. Edenton,* 146 N. C., 527; McQuillin, secs. 726-729.

The motion to dismiss is allowed.

Reversed.

CLARK, C. J., dissenting: The ordinance does not provide that "Any one can erect a stable on his lot provided it is not nearer to his neighbor's residence than to his own." If this were the language of the ordinance, then the criticism of it would be in point, that it might be too near his neighbor. But the ordinance provides merely that "No person shall erect a privy, stables, or stalls nearer to a neighbor's residence than to his own."

It does not lie in the defendant's mouth to complain that the ordinance is not more restrictive upon him than it is. If the defendant should erect a stable or other nuisance nearer to his neighbor's residence than it should be, he is liable for a nuisance. *S. v. Wilkes,* 170 N. C., 735. This ordinance does not authorize him under any circumstances to place his stables or other nuisance nearer to a neighbor's residence than it should be.

It is not requisite that the town commissioners shall pass ordinances in the exact wording that this Court would use. Our only jurisdiction is to hold them invalid if unreasonable. There is nothing unreasonable in an ordinance providing that one "shall not place a stable or other nuisance nearer to a neighbor's residence than to his own." This is merely placing in an ordinance the Golden Rule enunciated in Galilee

long centuries ago. It is nothing against the validity of the ordinance that it does not go further and restrict the defendant as to the distance from a neighbor's residence in which the stables can be placed. This Court cannot by mandamus compel the town authorities to make such ordinance. The ordinance is unobjectionable as far as it goes. It might go further.

In *S. v. Hord,* 122 N. C., 1092, it was held that at common law as well as under the statute the town commissioners could forbid a citizen from keeping a hogpen within 100 yards of the residence of another, without prescribing the distance from his own residence. Certainly, therefore, it cannot be unreasonable to prescribe that he shall not keep a nuisance any nearer to his neighbor than to himself.

· In *S. v. Hord, supra,* it was said: "It is an anomaly that the defendant, who had disobeyed the ordinance forbidding him to commit a nuisance upon the public, should be complaining that the town did not go further and forbid him being a nuisance to himself. He could refrain from that without official help." In this case it is equally an anomaly that the defendant, who has disobeyed the ordinance forbidding him from putting his stables nearer a neighbor's residence than his own, should be complaining that the town did not go further and prescribe a definite distance from his neighbor's house within which he could not put the stables, even though it should be an equal distance from his own house. He could refrain from doing that without official help, and if he put it near enough to his neighbor's residence to be a nuisance he would be liable for such nuisance, *S. v. Wilkes, supra;* and this ordinance does not purport to give him authority to do so.

In *S. v. Rice,* 158 N. C., 635, the Court held that an ordinance was not insufficient because it did not go further and prescribe the number of hogs or pigs, the condition or size of the pens, where they are kept. The Court said: "Courts cannot run a race of opinion upon points of right, reason, and expediency against the lawmaking power. No act of the Legislature can be declared void or unconstitutional unless it conflicts with some provision of the Constitution. Nor can any ordinance of any municipal corporation within the power conferred by the Legislature, and not in conflict with the laws and Constitution of the State, be impeached in a court for unreasonableness. A critical examination of cases holding police regulations void, because unreasonable, will disclose that the attempted police regulations violated some constitutional guaranty. The right asserted by some courts to declare municipal ordinances invalid because unreasonable is limited to ordinances passed under the implied or incidental powers of the municipality."

Our people have the inestimable right of *"local self-government."* As this Court has often said, we cannot, "without making ourselves a tyranny of five men," assume supervision over boards of county com-

missioners or the boards of town commissioners, to set aside their regulations and orders within the powers conferred by the statute unless, as is said above, "the attempted police regulations violate some constitutional guaranty." This ordinance does not violate any constitutional guaranty, and is within the authority conferred upon the town by Revisal, 2929.

The government of Nashville is committed to the commissioners elected by the voters thereof, and not to us. We can interfere only when the town authorities enact an ordinance which violates their authority under the Constitution and statutes, and not merely when the ordinance does not go as far as it might do, as in this instance. As was said in *S. v. Rice,* "It is not our province to review the action of the board of sanitation within the limits of their powers." As was said in *S. v. Hord, supra,* the ordinance is uniform, for it applies to all citizens alike under the same conditions.

On its face there is nothing in this ordinance that violates the Constitution or the statutes or that is beyond the powers conferred upon the town commissioners. There is no evidence that the facts, in this particular case, have made it oppressive to the defendant. It is not the province of the courts to govern, but only to set aside ordinances when shown to be beyond the authority of the town commissioners. When, as in this case, an ordinance which is within their powers does not go as far as we think it might have done, it is for the people of the town of Nashville, and not for us, to procure an addition to the ordinance or to elect a new board that will amend it. The people of the town know local conditions and requirements better than we do, and are competent to govern themselves through their local officials, elected by themselves, to voice their wishes in local matters. As the defendant has violated the ordinance, as it is written, certainly he cannot contend that he is not guilty because the ordinance might have prohibited him further to the protection of his neighbor.