

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~WILSON WILLSON~~

ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1270

Re: Whether cottonseed is livestock feedstuffs and whether or not the hauling of cottonseed from a cotton gin to a cottonseed oil mill is hauling from "dealer to dealer".

We received your letter of August 14, 1939, requesting our opinion of the following questions·

"Where a country gin gins cotton and takes cotton seed as payment, in whole or in part, for the services rendered in the ginning, may one of said special commodity carriers transport such seed for hire from one of these gins to a cotton seed oil mill, -- this question involving the following specific inquiries:

"(a) Is this the transportation of livestock feedstuff, it being well known that the cotton seed oil mill will refine the cotton seed into food for human consumption"

"(b) Is this cotton seed being transported from dealer to dealer?"

In the absence of a statutory definition of the term "livestock feedstuffs," we must take its ordinary meaning. Cottonseed is not ordinarily defined as livestock feedstuff, but as a matter of fact it is often so used. In view of this fact, it is necessary to look to the facts of each case in order to determine whether or not the cottonseed is used as livestock feedstuff.

When cottonseed is used as livestock feedstuff or is transported by a motor carrier for such purpose, it is clear that a motor carrier could transport it by virtue of having a special commodity permit to haul livestock feedstuffs.

On the other hand, cottonseed has many uses other than as livestock feedstuff. A motor carrier is not authorized to transport cottonseed under a special commodity permit to haul livestock feedstuff when the purpose or use thereof is other than for livestock feedstuff.

We conclude from your letter that the cottonseed hauled from a cotton gin to a cottonseed oil mill is to be used for the purpose of manufacturing food for human consumption. This being true, a motor carrier cannot be permitted to transport cottonseed under a special commodity permit to haul livestock feedstuffs.

You further inquire whether or not the hauling of cottonseed from a cotton gin to a cottonseed oil mill is the hauling of livestock feedstuffs from dealer to dealer. Since the Railroad Commission has not defined the term "dealer", we have to resort to its ordinary meaning. We will assume, for purpose of answering this question, that cottonseed is livestock feedstuffs.

A "dealer" is a "person who makes a business of buying and selling goods, especially, as distinguished from a manufacturer, without altering their condition." State v. San Patricio Canning Co., 17 S.W. (2d) 160, and other authorities cited therein.

In State v. Yearby, 82 N.C. 561, 33 AM. Rep. 694, the Supreme Court of that state held that one who buys cattle, sheep and hogs and sells meat, is not a dealer in meat.

In State v. Chadbourn, 80 N. C. 479, 30 Am. Rep. 94, proprietors of sawmill, bought timber, cut it up, and sold it as lumber. They were held not to be dealers in lumber.

In Norris v. Com., 27 Pa. 495, we find this language: "A dealer in the popular, and, therefore, in the statutory, sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again."

In State v. San Patricio, supra, the question was whether a canner of shrimp who purchased shrimp from fishermen, processed and canned the shrimp, and sold them to wholesalers and chain stores through brokers, was a dealer in shrimp. The court held that the canner was not a dealer, in the sense in which this term is ordinarily employed, but was a processor, a canner or a manufacturer. From this opinion, we quote as follows:

"It is no more such dealer than one who operates a modern packing house plant is a wholesale dealer engaged in buying and selling pigs;

than a fruit canner is a wholesale dealer engaged
in the business of buying and selling peaches;
than the owner of a breakfast food plant is a
wholesale dealer engaged in the business of buy-
ing and selling corn, or oats, or rice; than an
iron founder is a wholesale dealer engaged in
the business of buying and selling iron ore."

We conclude for reasons herein stated that a cotton-
seed oil mill is not a "dealer" in livestock feedstuffs as that
term is used in the special permit granted for the transporta-
tion of livestock feedstuffs, but restricting such transporta-
tion from dealer to dealer.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

By s/Lee Shoptaw
Lee Shoptaw

LS:LW:wc

APPROVED NOV 7, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman