

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Gordon C. Cass
County Attorney
Lampasas County
Lampasas, Texas

Dear Sir:

Opinion No. O-2015
Re: Whether the hauling of farm machinery from a factory branch in Dallas, Texas, to a dealer in Lampasas, Texas, is hauling "from dealer to dealer".

We received your letter dated February 28th and March 8th, 1940, requesting our opinion on the following question:

Does the hauling of farm machinery from a factory branch office located in Dallas, Texas, to a dealer located in Lampasas, Texas, constitute hauling from dealer to dealer?

You state in your letter that the dealer in Lampasas, Texas, "buys his farm machinery through a Factory Branch office at Dallas, Texas, and he pays the Allis-Chalmers Factory, which is located somewhere in the Eastern States, the purchase price for the same." We assume from the above stated facts that the branch office is a part of the Allis-Chalmers Company and is not an independent concern which buys and sells farm machinery. It is also necessary to assume that the Allis-Chalmers Factory actually manufactures the farm machinery in question.

Article 911b, Section 6 (d), Vernon's Annotated Civil Statutes, reads, in part, as follows:

"The Railroad Commission is hereby given authority to issue upon application to those persons who desire to engage in the business of transporting for hire over the highways of this State, livestock, mohair, wool, milk, livestock feedstuffs, household goods, oil field equipment, and used office furniture and equipment, timber, when in its natural state, farm machinery, and grain special permits upon such terms, conditions and restrictions as the Railroad Commission may deem proper, and to make rules and regulations governing such operations keeping in mind the protection of the highways and the safety of the traveling public; . . . . . ."

An order promulgated by the Railroad Commission under the provisions of the above quoted article prohibits a special commodity carrier from hauling from dealer to dealer. Since the Railroad Commission has not defined the word "dealer" as used in the above quoted order, we have to resort to its ordinary meaning.

In our opinion No. O-1270, we held that a cotton-seed oil mill was not a dealer in livestock feedstuffs within the meaning of the order in question which prohibited the hauling from dealer to dealer. We quote from said opinion, in part, as follows:

A "dealer" is a "person who makes a business of buying and selling goods, especially, as distinguished from a manufacturer, without altering their condition." State v. San Patricio Canning Co., 17 S.W. (2d) 160 and authorities cited therein.

In State v. Yearby, 82 N.C. 561, 23 Am. Rep. 694, the Supreme Court of that state held that one who buys cattle, sheep and hogs and sells meat, is not a dealer in meat.

In State v. Chadbourn, 80 N.C. 479, 30 Am. Rep. 94, propietors of sawmill, bought timber, cut it up, and sold it as lumber. They were held not to be dealers in lumber.

In Norris v. Com., 27 Pac. 495, we find this language: "A dealer in the popular, and, therefore, in the statutory, sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again."

In State v. San Patricio, supra, the question was whether a canner of shrimp who purchased shrimp from fishermen, processed and canned the shrimp, and sold them to wholesalers and chain stores through brokers, was a dealer in shrimp. The court held that the canner was not a dealer, in the sense in which this term is ordinarily employed, but was a processor, a canner or a manufacturer. From this opinion, we quote as follows:

"It is no more such dealer than on who operates a modern packing house plant is a wholesale dealer engaged in buying and selling pigs; than a fruit canner is a wholesale dealer, engaged in the business of buying and selling peaches; than the owner of a breakfast food plant is a wholesale dealer engaged in the business of buying and selling corn, or oats, or rice; than an iron founder is a wholesale dealer engaged in the business of buying and selling iron ore."

If we are correct in our assumption that the Allis-Chalmers Company manufactures and sells farm machinery as distinguished from buying and selling farm machinery, then it is logical to say that the said company is not a dealer in farm machinery as that term is ordinarily used.

We therefore advise you that the hauling of farm machinery from the Allis-Chalmers factory branch office in Dallas, Texas, to a dealer in Lampasas, Texas, by a special commodity carrier does not constitu hauling from dealer to dealer within the meaning of the herein mentioned order

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Glenn R. Lewis
Glenn R. Lewis

By s/ Lee Shoptaw
Lee Shoptaw

LS:GO:wc

APPROVED MARCH 21, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by s/BWB Chairman