HENRY *v.* MAYOR & COUNCIL OF MACON. DOPSON *v.* Same.

1. Where successive statutes confer powers on a municipal corporation, they are, so far as consistent in their provisions, to be taken *in pari materia* and construed together as one law. Thus where by an act passed in 1866 the authorities of the city of Macon were empowered to prohibit by ordinance the sale of certain marketable articles in the city elsewhere than in the city market, and by an act passed in 1886 the authorities were authorized to construct a public market-house on any one of the public streets in the city and to pass suitable ordinances for the proper regulation thereof, the power granted by the first act could be exercised just as if the grant had been repeated in the second. Under this rule there was, after a market had been erected in a street and established as the city market, no want of legislative authority to pass an ordinance prohibiting the sale of certain articles within market hours elsewhere within the city than at said market. The recital in the ordinance of the act of 1886 instead of the act of 1866 as the source of such authority, did not vitiate the ordinance.

2. Where a statute grants the power to prohibit the sale of marketable commodities in a city elsewhere than in the city market, without any limitation as to time or hours, it will not be construed literally, for if so construed it would be void. The proper construction of it is that the legislative intent was to confer power to prohibit sales during the reasonable hours appropriated for selling at the market, and to leave the privilege of selling elsewhere open for exercise during the rest of the day or night. An ordinance which fixes market hours from daylight till 10 o'clock A. M. in the winter and from 3 o'clock till 9 A. M. in the summer, with the addition of an afternoon service on Saturdays extending from 3 P. M. to 8 P. M. in the summer and 9. P. M. in the winter, is reasonable as to hours, and such an ordinance may be passed and enforced under the general legislative grant above referred to.

3. Evidence that the shop of the accused was open and that he and his employees were "proceeding to sell beef and other meats," is

sufficient *prima facie* to prove that he sold beef and other meats or offered to sell them.

February 18, 1893.

Before Judge MILLER. Bibb superior court. April term, 1892.

Plaintiffs in error were convicted, in the recorder's court of Macon, of violating the market ordinances of that city by selling fish and meats at places other than the city market-house, during the market hours as fixed by the ordinances. On *certiorari* the convictions were sustained. For the other facts see the decision.

DESSAU & BARTLETT and S. A. REID, for plaintiffs in error.

R. W. PATTERSON, *contra*.

BLECKLEY, Chief Justice.

1. The acts of 1866 and 1886 conferring powers on the municipal corporation of Macon in respect to markets, are, so far as consistent in their provisions, to be taken *in pari materia* and construed together as one law. The former act empowers the municipal authorities to prohibit by ordinance the sale of certain marketable articles elsewhere in the city than in the city market. The latter act authorizes the construction of a public market-house in any one of the public streets in the city, and empowers the authorities to pass suitable ordinances for the proper regulation thereof. If the power conferred by the first act had been repeated in the second, there could be no doubt that after a market was constructed in a street of the city and established as the city market, there would have been no want of legislative authority to pass such an ordinance as the first act contemplated. By construing the two acts together as one law we reach the same result. When the new market in the street had been erected and established as the city market, the act of 1866 applied to it just the same as it had previously

applied to any city market which the city may have had. The ordinance which was in fact passed referred to the act of 1886, by recital, as the source of authority for passing it, but this did not vitiate the ordinance, for the recital was unnecessary and may be treated as surplusage. See Acts of 1866, p. 283; Acts of 1886, p. 224.

2. As the act of 1866 grants power to prohibit sales elsewhere than in the city market without any express limitation as to time or hours, must we conclude that the legislature intended to be taken literally, and must we hold that on that account the grant of power is void? We think not. It is more reasonable to construe the statute as intending to confer power to prohibit sales during the reasonable hours appropriated to selling at the market and leave the remaining hours open for selling elsewhere during the day or night. So construed, the act is valid. There is not the least reason for thinking that the legislature intended to confer any larger power than they could confer.' They simply omitted by inadvertence to qualify and limit their language so as to express the meaning accurately which was in their minds. They knew by a prior decision of this court, *Bethune* v. *Hughes*, 28 *Ga.* 560, that they could not confer authority to pass any ordinance which would be wholly prohibitory upon sales elsewhere than in the city market. What they really intended was to confer a power as large as they could confer, but no larger. And this construction was conformed to by the municipal authorities of the city in framing the ordinance which is alleged to have been violated. That ordinance fixes market hours from daylight till 10 o'clock A. M. in the winter, and from 3 o'clock till 9 A. M. in the summer, with the addition of an afternoon service on Saturdays extending from 3 o'clock P. M. to 8 o'clock P. M. in the summer and to 9 o'clock P. M. in the winter. This is a reasonable ordinance as to hours, and it may be enforced

under the general legislative grant above referred to. It does not prohibit or undertake to prohibit any sale within the city except during these market hours.

3. There was no controversy that the terms of the ordinance as well as the act of 1866 were broad enough to cover fish and meats, the particular articles involved in these two cases. But in one of the cases under consideration it was contended that the proof was insufficient to establish any violation of the ordinance. The evidence showed that the shop of the accused was open and that he and his employees "were proceeding to sell beef and other meats." We think the *prima facie* meaning of this phraseology is that he sold beef and other meats or offered them for sale in his shop. When a man has his shop open and is proceeding to sell an article he is engaged in selling it, and to be so engaged he must have a customer present and a bargain must have been just consummated or in progress, or about to be begun. The ordinance would be violated by either selling or offering to sell. The proof was ample that it was within market hours.  *Judgment affirmed.*