**TOMASSI v. CITY OF SAN ANTONIO et al.\***
**(No. 7259.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 24, 1924. Rehearing Denied Jan. 21, 1925.)

**1. Municipal corporations ⟳116—City ordinance prohibiting establishment of meat market within certain area not repealed by implication.**

Ordinance of San Antonio prohibiting establishment of meat market within six blocks of city market.house, *held* not to be repealed by implication by subsequent ordinance requiring license from city board of health for operation of food products establishments, there being no repugnancy between the two.

**2. Constitutional law ⟳240(1), 296(2)—Municipal corporations ⟳720—Ordinance prohibiting establishment of meat markets within certain area valid.**

Ordinance of San Antonio, prohibiting establishment of private meat markets within six blocks of city market house, *held* valid, under Charter, art. 2, § 69, authorizing city council to regulate meat markets and prevent 'sale of meats in certain locations, as being valid exercise of police power, and not in contravention of Const. U. S. Amends. 5, 14, or Texas Constitution.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by William Tomassi to enjoin the City of San Antonio and others from interference with the operation of his butcher shop. From an interlocutory order denying a temporary writ, plaintiff appeals. Affirmed.

Dilworth & Marshall, of San Antonio, for appellant.

Joseph Ryan, T. D. Cobbs, Jr., and W. B. Halbig, all of San Antonio, for appellees.

FLY, C. J. This is an appeal from an interlocutory order by the lower court denying a temporary writ of injunction which was sought by appellant against the city of San Antonio, its mayor and commissioners, its collector of licenses and dues, and its city clerk, to retrain them from interfering with appellant in the operation of a butcher's shop on his property at 901 West Travis street.

This appeal being based on the denial of the temporary writ of injunction, we do not intend to discuss the propriety of a general demurrer being sustained, except as an incident to the application for injunction. The only question before this court is, was the injunction properly denied, and if the bill was not sufficient to obtain an injunction, of course, it was properly denied. To obtain the injunction it became necessary under the bill to assail the validity of a certain ordinance which is as follows:

"Be it enacted by the city council of the city of San Antonio:

"It shall be unlawful for any person or persons or corporation to establish a meat market where the carcasses of animals are sold or offered for sale within six blocks of the City Market House."

An appropriate penalty is provided for a violation of the ordinance. No assignments of error are found in the record and the appeal can be entertained only on the ground that fundamental error is involved in refusing the writ of injunction on the matters and things alleged in the bill. On the assumption of fundamental error 15 propositions of law are urged in the brief, which merely amount to reasons advanced by appellant on the one proposition that the ordinance in question is null and void.

[1] The ordinance was not repealed by the enactment of a subsequent general ordinance providing for the licensing of food products establishments. Repeal of laws by implication are not favored, and such repeal will not be held to have been desired unless it was the evident intention of the lawmakers to repeal the first statute. As said by the Supreme Court in Railway v. Kay, 85 Tex. 558, 22 S. W. 665:

"Such repeals are not favored; and unless there be a repugnancy or inconsistency between two statutes, the general rule is, that the latter will not repeal the former in the. absence of express words to that effect."

There is no repugnancy or inconsistency between an ordinance requiring persons,

---

firms or corporations desiring to establish, maintain or operate food products establishments to apply for and obtain a license from the city board of health, and an ordinance fixing certain limits in which private meat markets shall not be maintained. By the terms of the ordinance, claimed to repeal the other ordinance by implication, it is provided that the applicant for a license must comply with all the "requirements of the laws of the state of Texas, or of the ordinances of the city of San Antonio relating to the conduct and operation of the business named in such application." No reference is made in the so-called repealing ordinance to meat markets.

[2] The ordinance in question has been held by this court to be valid and binding, and the Supreme Court, by refusing a writ, must necessarily have approved the decision of this court, because the opinion of this court could not have been a legal one if the ordinance was not valid. Its validity formed the only basis upon which to rest the decision. Altgelt v. Gerbic (Tex. Civ. App.) 149 S. W. 233. It was held in that case:

"There is nothing unreasonable in the ordinance pleaded by appellee, and neither is it against any 'common right,' nor does it foster a monopoly. It is clearly authorized by the charter (article 2, § 69), which empowers the city council 'to erect and maintain market houses and regulate everything relating to butchers,' to prevent the sale of meats in certain locations."

In that case the case of the Supreme Court holding that a similar ordinance did not deny any one the right to sell meats, but merely denied the right to sell at certain places, was cited. If that was the law in 1912, no reason exists for its not being law in 1924, or as long as the facts are the same. The charter power to establish markets clothes the city with the power to prohibit the exposing and offering for sale of meat in any other places than those designated by ordinance. Dillon, Mun. Corp. § 704, and authorities cited in footnote; McQuillin, Mun. Corp. § 966, and numerous decisions cited in footnotes fully sustaining the text. "The right to establish a public market necessarily covers or embraces the right to prevent the establishment of private markets, and the right to prevent the sale of market commodities * * * within the police regulations of a city for sanitary purposes and convenience. The object, primarily, is to en-

force the inspection laws more strictly, and to prevent the sale of articles or provisions that are not sound." New Orleans v. Graffina, 52 La. 1082, 27 So. 590, 78 Am. St. Rep. 387; State v. Pendergrass, 106 N. C. 669, 10 S. E. 1002; Henry v. Macon, 91 Ga. 268, 18 S. E. 143; New Orleans v. Faber, 105 La. 208, 29 So. 507, 53 L. R. A. 165, 83 Am. St. Rep. 232. There is no decision in Texas which questions the proposition stated.

Certainly there is nothing in the cases of City of San Antonio v. Salvation Army (Tex. Civ. App.) 127 S. W. 860, Dibrell v. City of Coleman (Tex. Civ. App.) 172 S. W. 557, and Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387, which militates against it. Neither of those decisions has any applicability to the facts of this case. There was nothing of health or sanitary matters involved in either of the cases. The one involved the right to erect a rescue home for women, another the power to declare a nuisance, and the other the power of a city to pass an ordinance denying the right to a citizen to build a business house on his property in a residence district. In neither instance was there a legitimate exercise of the police power of the city, but in each instance it was an arbitrary, unreasonable interference with rights of property. Neither of them is at all similar to the case under consideration. In each there was no public interest to be conserved, but covert attacks on private property. In each of the cases there was apparent unjust discrimination against the individual, and no resulting benefit to the public. In every case brought to the notice of this court, in which regulation of markets, as in this case, was involved, the right of the city to pass and enforce ordinances reasonably calculated to protect the citizen in the purchase of sanitary food has been upheld, and upheld under the same or similar charter powers given to San Antonio in the establishment of a public market. To hold that a city, under such charter powers, could not regulate, or even prohibit, private markets from being established wherever desired, would render nugatory and farcical such charter powers. No court has ever held that the grant and exercise of such charter powers were in contravention of the Fifth and Fourteenth Amendments to the federal Constitution, nor are such powers violative of any provision of the Texas Constitution.

The judgment is affirmed.