### GHOLSON v. PARRISH et al.

No. 13350.

Court of Civil Appeals of Texas. Fort Worth.

March 27, 1936.

Taylor, Muse & Taylor, of Wichita Falls, for plaintiff in error.

E. C. deMontel and Bullington, Humphrey & King, all of Wichita Falls, for defendants in error.

BROWN, Justice.

For convenience, the parties will be referred to as plaintiff and defendants as they appear in the pleadings in the trial court.

Plaintiff, T. F. Gholson, brought suit in the district court of Archer county against defendants George Parrish and Alvin Parrish, alleging, in substance, that he was driving his automobile on a public road of the third class, which runs through a certain section of land in Archer county, on which the defendants were pasturing cattle; that the public road was not fenced off, and the defendants permitted their cattle to graze on the public highway; that he was driving on a dark night with his wife and other passengers in his automobile; that there were bushes in the pasture along the west side of the highway; and that suddenly, and without warning, a yearling belonging to defendants ran out from among the bushes and onto the public highway in front of plaintiff's car, causing him to lose control of his car, and same crashed into a ditch on the side of the road, doing great damage to plaintiff's car and killing his wife.

Plaintiff alleges that the defendants are guilty of negligence in not fencing their pasture off from the lands belonging to the public highway, and in permitting their cattle to be pastured on the section of land without fences to restrain them from grazing on the public highway; that defendants knew, and could have known by the exercise of ordinary care, the propensity of cattle in general, and defendants' cattle in particular, to run in front of automobiles traveling on the highway; and plaintiff alleged these acts of omission on the part of

1114

defendants as negligence, which proximately caused the death of his wife and the damage to his automobile.

The trial court sustained the general demurrer urged by the defendants to plaintiff's pleading and dismissed the case. Hence the appeal.

Before one may be held in damages for negligence, one must be found guilty of the breach of a duty owed to the person seeking damages. We are unable to find wherein the plaintiff's petition alleges a duty on the part of defendants which has been either neglected or violated by them. There was no duty on the part of the defendants to fence the public highway off from pasture lands used by them for the purpose of grazing their cattle, and it is manifest that they had an absolute right to pasture their cattle in this section of land, regardless of the fact that a public road of the third class had been put through the pasture. Having the absolute right to so use their lands, the mere fact that a yearling, owned by them, suddenly ran in front of plaintiff's automobile and caused plaintiff to lose control of his car, with the resulting injuries and damages, furnishes no foundation for a right of action against the defendants.

The plaintiff knew, and must have necessarily known, that he was using a highway which was not fenced, which traversed the pasture then being used by the defendants to pasture cattle, and he must of necessity have known the propensity of cattle to use the public highway for grazing purposes and to cross the road in front of vehicles.

Finding no error, the judgment of the trial court is affirmed.