**MERCER et al. v. EVANS.**

No. 14538.

Court of Civil Appeals of Texas. Fort Worth.

June 25, 1943.

C. T. Gettys, of Decatur, and Sleeper, Boynton, Darden & Burleson, of Waco, for appellants.

W. C. Shults and Jennings C. Brown, both of Decatur, for appellee.

SPEER, Justice.

This is an appeal by defendants T. E. Mercer and G. E. Mercer, doing business as T. E. Mercer Teaming and Trucking Contractor, from an adverse judgment in favor of plaintiff Marie Evans, a negro girl nine years of age, who sued, by and through her next friend (her father) Lewis Evans, for injuries sustained in a collision between a Mercer truck and an automobile driven by Lewis Evans, in which plaintiff Marie Evans was riding when she received the injuries complained of.

As we gather from pleadings of all parties, the accident happened at about 3:00

o'clock in the morning, when the truck and automobile attempted to pass each other on a flat bridge across a small creek. The bridge was between 50 and 75 feet long and was so constructed that it did not extend from end to end precisely in the direction with which the highway approached it at the respective ends; the highway made a curve at each end of the bridge. Appellants' (Mercers') truck was traveling north, while the Evans car was going south; they met head-on on the bridge.

Appellee (Marie Evans) alleged that the car in which she was riding (driven by her father, Lewis Evans) was, at the time, well upon its own proper right hand side of the road, and that the Mercer truck was being driven "at a high and dangerous rate of speed and while driving upon and across a two-way bridge on said highway, (the driver) drove said truck over, upon and across the center of said highway and upon the portion of said highway that by law was allowed to plaintiff herein and collided said truck with great force and violence with the automobile in which the plaintiff was riding in an opposite direction, which automobile was being driven on the side of the highway which under the law belonged to it, at a rate of speed not in excess of the speed limits of the State of Texas. * * * That at the immediate time said defendants' agent drove said truck over and across the center of said road and upon that portion allowed by law to the plaintiff and collided with said automobile, said defendants, in violation of law, committed an active trespass upon the person and property of plaintiff".

There are further allegations to the effect that plaintiff was injured as a direct and proximate result of defendants' driver of the truck in driving same over and against the automobile in which plaintiff (Marie Evans) was riding; that said truck was at said time driven by defendants' agent in violation of law as set out in Paragraph No. 2 of the petition. Paragraph No. 2, referred to, is that portion first above quoted. Plaintiff alleged the nature and extent of her injuries for which she sought recovery, along with $390 alleged to be reasonable and necessary hospital and doctors' bills.

Appellants defended under allegations of general denial and specially that at the time of and immediately prior to the accident, the truck driver was operating said truck on his right hand side of the highway and that Lewis Evans (father of plaintiff and her next friend in this suit), who was driving the car in which plaintiff was riding, approached the bridge where the collision occurred at a high and dangerous rate of speed and drove said car over and across the center line of said highway (same being Lewis Evans') left hand side of the highway and negligently drove said car into collision with appellants' said truck. The answer alleged eleven different acts of the said Lewis as constituting negligence, contributing to and proximately causing the accident, and also alleged that each of said acts of Evans were new and independent causes thereof.

Trial was to a jury on special issues. By its verdict, the jury found: (1) The accident happened; (2) it was not unavoidable; (3) the truck was being driven on the driver's left hand side of the highway at the time of the accident. (There were no issues 4 and 5). (6) The driving of the truck on the left hand side of the highway was the proximate cause of the collision; (7) the answer to the issue inquiring as to amount of damages reads: "Answer, $2000.00. $390.00 for hospital: Total $2390.00." (8) Lewis Evans did not drive his automobile partly to his left of the center of the highway; (11) Lewis Evans did not fail to drive his automobile on his right hand side of the highway at the time of the accident; (14) Lewis Evans did not fail, on the occasion in question, to give to the truck driver one-half of the roadway as nearly as possible.

Judgment was entered on the verdict in favor of appellee Marie Evans for $2,390; from this judgment the appeal was perfected.

■ The first point relied upon by appellants asserts error because the court did not submit an issue inquiring whether or not the acts of appellants' driver of the truck in driving on his left hand side of the highway at the time of the accident constituted negligence. Objections to the charge were timely filed complaining of this omission, and the point was brought forward in the motion for new trial.

It will be observed by the issues pointed out above that the jury found the driver of the truck was on his left hand side of the highway at the time of the accident, and the next finding was that this was the proximate cause of the collision. There is no jury finding of negligence in the verdict. The petition nowhere points out any

particular acts of the appealing defendants as constituting negligence. The nearest approach to such an allegation is that part pointed out above, the substance of which is that appellants' truck was driven on the left hand side of the road, and there came in contact with the automobile in which appellee was riding, and that appellants thereby committed an active trespass against appellee.

It is obvious to us that appellee relied upon her allegations as above set out, as constituting negligence per se, and we assume from the fact that the court did not submit the question of negligence, that he, too, so regarded the pleading and the testimony. Assuredly it cannot be said that driving a motor vehicle on the left hand side of the road is a violation of a penal code in every instance; this for the reason it is perfectly permissible to so drive a car under certain circumstances; it is unnecessary to enumerate all such conditions under which such driving does not constitute a violation of the criminal law. If the allegations of appellee were dependent upon Sections (A) and (B), Article 801, P.C., the petition in some way should have pointed out the requisites and essential elements of the acts of the truck driver to bring the instant situation within the Penal Code, supra. Neither the testimony nor the verdict discloses that conditions did not exist which would excuse the truck driver for being on his left hand side of the road. In Belzung v. Owl Taxi, Tex.Civ.App., 70 S.W.2d 288, 290, writ dismissed, recovery was sought under a pleading similar to that in this case, for a collision occurring because the driver of the offending car did not signal his intention to turn his course. The pleading was held insufficient to support a judgment, and this language was used: "The facts found by the jury did not constitute negligence per se. There was no pleading of facts showing negligence per se. If it was intended to allege a case of negligence per se under provisions of Penal Code, art. 801, subd. (K), the pleading was insufficient, because it failed to allege the statutory prerequisites upon which the duty is imposed not to turn without giving visible or audible signal."

Wright v. McCoy, Tex.Civ.App., 110 S.W.2d 223, involved almost the identical situation we have before us. In that case the question of negligence was not submitted to the jury, but upon a finding that driving defendant's truck on the left hand side of the road was a proximate cause, judgment was entered for plaintiff. In the cited case allegations were relied upon to present a case of negligence per se, and it was held that to support a judgment under such verdict, the pleadings, evidence and issues should disclose a state of facts which would make it a violation of the law for the defendant to be driving on the left hand side of the road, and must conform to the terms of Sec. (A), Art. 801, P.C.

This court discussed the question now before us in White v. Akers, 125 S.W.2d 388. There, as in this case, two vehicles were going in opposite directions and collided on the highway, each contending that the other was on his wrong side of the road. No inquiry was made in the charge as to whether defendant's presence on his left hand side was negligence, but it was found to be the proximate cause. We held that because the petition did not allege the conditions provided by Sects. (A) and (B), Art. 801, P.C., making it a violation of the law for a person to operate his automobile on the left hand side of the road, it was error for the trial court to assume, as he did in that case, that the acts were negligence per se and omit from his charge the issue of negligence.

We do not believe the pleadings in this case can be upheld by a most liberal construction of Rule 45, Texas Rules Civil Procedure. It cannot be said that the pleadings gave to defendants fair notice of the nature of the type of negligence per se plaintiff expected to rely upon. Let us suppose that upon the trial it had developed that the truck was unlawfully upon the highway for one or more violations of some statutory law, such as failure to have a permit from State authorities, or the driver being without a driver's license. Could it not be said that the very presence of the truck at that time and place was the result of a violation of the Penal Code? We hold that appellee's pleadings were insufficient to warrant the court in withholding from the jury the question of negligence and in entering judgment on the verdict, after an implied finding by the court on the question of negligence. The matter of negligence was raised by the evidence and should have been submitted to the jury. Its submission would not have been a double submission as contended by appellee. The first point is sustained, requiring a reversal of the judgment.

■ Second point asserts error in the submission of the inquiries found in Special Issues 3 and 6, viz., whether or not the truck driver was on his left hand side of the center of the road and whether that was a proximate cause, for the reason, it is argued, that the overwhelming preponderance of the evidence shows he was on his right hand side and that the Evans car was on its left hand side, and the right hand side of the truck driver. The point is overruled, for the reason the testimony was just as conflicting as it was possible for it to be. This made it a jury question, and the finding being against appellants' contention, we are without authority to revise it.

When, as in this case, a cause must be reversed and remanded, it is debatable as to the extent the appellate court should go in discussing other assignments of error, but we have concluded to refer briefly to other points raised with a view to being helpful to the trial court upon another trial.

■ Point three complains of the definition given of proximate cause, based upon the failure of the court to include "probability" of the happening of the same or a similar accident. There are cases which indicate that the definition should embrace the probability of such happening. Texas & P. Railway Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Seale v. Railway Co., 65 Tex. 274, 57 Am.Rep. 602; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60, and others, but, as we view the charge in this case, it is even more onerous upon the appellee here, than that contended for by appellant. The charge did not stop at a mere requirement that to be a proximate cause creating liability for an alleged negligent act, it "must have been the natural and probable consequence" of the negligent act, as contended by appellant, but the charge as given goes farther and says that proximate cause "means the moving and efficient cause, which in a natural and continuous sequence, unbroken by any new and independent cause, *produces the result complained of"* etc. (Emphasis ours) Not that such acts naturally and probably would have had that consequence, but that they actually did produce the result complained of. We are not to be understood as approving the definition of proximate cause given by the court, but we simply hold that the charge, as given, embraced a greater burden upon appellee than the law requires, and of this appellants cannot complain under the objection "raised. Clearly the definition contains forseeableness. Appellee contends that the court's charge is substantially the same as that found in the two recently decided cases of City of Waco v. Criswell, Tex.Civ.App., 168 S.W.2d 272, writ refused want of merit, and City of Coleman v. Smith, Tex.Civ. App., 168 S.W.2d 936, writ refused. But we observe that in both of the cited cases the issue of "probability" was included. Upon another trial we think the court should follow the more recent trend of the decisions and include "probable" or "probability" of the happening of the event under the facts and circumstances involved.

■ Fourth point asserts error in the court's definition of "unavoidable accident". Court stated in his charge substantially that this expression means an accident or injury where the injuries complained of are not proximately caused by any negligence on the part of *any one connected therewith.* (Emphasis ours.) The complaint against the charge goes to the emphasized portion. It is undisputed that Lewis Evans, the father of plaintiff, was driving the car in which plaintiff was riding at the time of the accident; his acts at the time are alleged by appellants to have been negligence contributing to the collision and also as constituting new and independent causes. The definition given would of course embrace the acts of the driver of the car, since he was "connected with the accident". The father's acts and conduct may or may not have constituted negligence, but even so, as a general rule, they could not be imputed to the plaintiff, a child of tender years, if those acts, along with the conduct of another, combined to constitute a negligent act by which the child received an injury. 30 Tex.Jur. 878, and 879, sects. 191 and 192. It has been held that the right of a child to recover for injuries sustained while in the custody of the parent will not be defeated by the fact that defendant (Mercer in this case) was not solely responsible for the catastrophe; that is to say, where it appears that defendant and the parent were jointly responsible therefor. Northern Texas Traction Co. v. Thetford, Tex.Com.App., 44 S.W.2d 902. The question of negligence of some third party to the suit is more frequently raised by pleas of new and independent causes as was done in this case. Upon another trial, the court will do well to confine the definition of unavoidable accident to acts of the

parties to the suit, as expressed in Dallas Ry. & Terminal Co. v. Price, 131 Tex. 319, 114 S.W.2d 859.

In connection with the definition of new and independent cause the court used the expression, "intervening forces", instead of the usual and customary words, "new and intervening agency". The trial court will doubtless not fall into this apparent error upon another trial. An approved definition may be found in 30 Tex. Jur. 705 to 707, sects. 51 and 52, and cases there cited.

Sixth and seventh points assign as error the definition given of the word "new" in connection with "new and independent cause". We know of no authority requiring the definition of the word "new", when used in this connection. Unless a condition should arise requiring it, we see no reason for its definition.

By appropriate points, error is assigned to the court's inquiry as to the amount of damages to be awarded,· based upon, (a) a failure to limit the recovery to damages proximately caused by the negligence of defendant; (b) because there was no evidence upon which a verdict could be sustained finding damages for lessened future earning capacity; and (c) because the amount to be awarded was not limited to such amount as should be found by the jury from a preponderance of the evidence. Subdivision (a) is overruled. Authorities cited by appellant are not applicable to this case for the reason only one act of negligence is relied upon by appellee and the jury could not be said to have found their verdict upon something not in the case. An adverse answer to appellants' contentions will be found in Grocers Supply Co. v. Stuckey, Tex.Civ.App., 152 S.W.2d 911, and Clowe & Cowan v. Morgan, Tex.Civ.App., 153 S.W.2d 863. Writ of error was refused in both cases.

Likewise, subdivision (b) is overruled, because the testimony revealed the extent of the injuries sustained by this young girl; the doctor testified she would be a partial paralytic the rest of her life and would never be able to work to any considerable extent. When one, formerly in good health and strength, is reduced to the state of a life-long cripple, future mental pain and suffering and lessened earning capacity will be presumed; this is especially true when ·the victim of another's negligence is a child of tender years who has never had the opportunity to develop an earning capacity. Missouri, K. & T. Ry. Co. v. Miller, 25 Tex.Civ.App. 460, 61 S.W. 978, writ dismissed; Texas & P. Ry. Co. v. Curry, 64 Tex. 85, 87; Missouri, K. & T. Ry. Co. v. Johnson, Tex.Civ.App., 37 S.W. 771, writ dismissed; McIver v. Gloria, Tex.Sup., 169 S.W.2d 710.

Subdivision (c) above, however, must be sustained, because the court did not confine the jury to a preponderance of the evidence in arriving at the amount, if paid now, that would compensate plaintiff for the injuries sustained. We think no authorities need be cited to sustain the rule last announced.

It was error for trial court to overrule appellants' objection to appellee's counsel arguing generally the testimony of the witness Branch, when such testimony was confined, when admitted, to impeaching purposes. It is obvious when testimony is admitted for a limited purpose only, it is not before the court and jury for all purposes and should not be discussed by counsel as if it applied to all phases of the case. Cook v. Carroll Land & Cattle Co., 6 Tex. Civ.App. 326, 25 S.W. 1034; Houston & T. C. Ry. Co. v. Patterson, Tex.Civ.App., 57 S.W. 675.

Twelfth, thirteenth and fourteenth points assert error in the refusal by the court to submit requested special issues to the jury inquiring about several phases of the questions raised by appellant under their plea and the testimony of new and independent causes of the accident; these things are found in the acts of Lewis Evans, the driver of the car in which plaintiff was riding; such as were pleaded and supported by testimony of probative value should have been submitted, and it was error for the court to decline to submit them. Rules 271, 277 and 279, Texas Rules Civil Procedure; See also· Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517.

Fifteenth point must be sustained. It complains of the judgment awarding damages to appellee for $390, shown to have been hospital bills. A child of tender years, such as was plaintiff in this case, could not recover for doctors' bills and hospital bills incurred by her parents. Bering Mfg. Co. v. Femelat, 36 Tex.Civ. App. 36, 79 S.W. 869, writ dismissed; Tyrrell Hardware Co. v. Orgeron, Tex. Civ.App., 289 S.W. 1040, writ refused. This error could be cured by a reforma-

tion of the judgment, but since the case must be reversed for other reasons, we mention it so that it will not occur again.

For the reasons set out, the judgment of the trial court is reversed and the cause remanded for another trial, according to the principles announced herein. Reversed and remanded.