**BROWNSVILLE NAVIGATION DISTRICT,**
Appellant,

v.

**VALLEY ICE & FUEL COMPANY, Inc.,**
et al., Appellees.

No. 13320.

Court of Civil Appeals of Texas.

San Antonio.

April 16, 1958.

Rehearings Denied May 14, 1958.

See also 310 S.W.2d 129.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, for appellant.

Cox, Wagner, Adams & Wilson, John W. Bartram, Brownsville, for appellees.

POPE, Justice.

Brownsville Navigation District sued the Valley Ice & Fuel Company, Inc., and Steve Mencsik for negligently setting fire to a pier which plaintiff owned at the Port of Brownsville. After a trial by jury, the court rendered judgment against plaintiff District. The jury found that the defendant Ice Company was negligent in using an oxygen acetylene torch on the pier without having available a fire-watcher, a fire extinguisher or a water hose, and in failing to inspect the premises for an accumulation of trash; and that this act under these circumstances was the proximate cause of the fire. The defendant Ice Company's employee did not use the torch, but an independent contractor did. The jury found that the use of the torch, under the facts and circumstances existing before the fire, constituted an inherently dangerous activity. The trial court disregarded that answer. The District claims that it was entitled to a judgment against the Ice Company by reason of that finding which brought the Ice Company under the exceptional rule that one is charged with negligence, even of an independent contractor, when he is employed to perform an inherently dangerous undertaking.

The jury also found that the District was contributorily negligent in allowing paper, trash and other inflammable material to accumulate and remain under the pier where the fire occurred; in failing to provide a watchman to patrol the pier and dock area; in failing to provide adequate fire fighting equipment; and in failing to have water available at the pier to quench the fire. The District urges that there was no duty with respect to any of those claimed negligent acts and also that a fire was not foreseeable so as to amount to a proximate cause.

The District is a public body which owns and operates the Port of Brownsville. The District had leased what was known as Lot 2, at the Port, to a Mr. Shaw, who in 1953 assigned the lease to the Port Fuel Company. Lot 2 fronts on Pier B, which the fire destroyed. The lease did not extend to the Pier, but it granted the lessee the right to use the Pier in common with several other persons, as well as the public generally. In any event, Port Fuel Company, the lessee, was not a party to this suit.

On September 15, 1953, the District canceled all its leases along the area of Pier B, known as the Old Turning Basin. Under the leases, tenants had a period of thirty days in which to remove their property, but the District was urging them to do so as soon as possible.

It appears that La Blancha Power & Light Company owned an ice chute and an ice crusher which were located on and bolted to the Pier. La Blancha sold that equipment to defendant Ice Company. La Blancha Power & Light Company did not have a lease, so far as we can find in the record, and certainly defendant Ice Company did not have a lease. The Ice Company bought the equipment and then hired Steve Mencsik, an independent contractor, to move the equipment from the Pier. From this situation, there was no landlord-tenant relationship between the District and the Ice Company. The Ice Company was merely taking steps to remove the equipment it bought from La Blancha.

which was not a tenant either. However, we regard the Ice Company as an invitee on the premises. Mencsik, the independent contractor, had an employee working on the Pier, and while using an acetylene torch on October 6, started a fire by sparks which dropped from the torch to some unknown material below the Pier. Mencsik had worked all the day before without using a torch and had already moved the chute and crusher from the Pier to the bank. Mencsik's employee was cutting bolts which had been used to hold the equipment to the Pier, and after working about three hours on the morning of October 6, started the fire which destroyed Pier B. The record supports the findings that Mencsik's employee was negligent.

■ District claims that it was entitled to a judgment against the Ice Company, even though the fire was started by an independent contractor, since the jury found the Ice Company employed the independent contractor to perform an inherently dangerous undertaking. The trial court disregarded the finding and held that the Ice Company was not liable for the acts of the independent contractor. We regard that decision as the correct one.

■ The Ice Company hired Mencsik to remove the chute and crusher from the Pier, not to use an acetylene torch. To bring the Ice Company within the exception which would impose liability upon one who employs an independent contractor, the District had the burden to prove that the Ice Company made a contract which directly required the use of an inherently dangerous instrumentality and that this was contemplated by the parties, and was necessarily incident to the contract. The proof is that the Ice Company did not know that Mencsik was going to use a torch to cut the bolts. The bolts were screwed into two-inch planks and could have been unscrewed or pulled from the Pier. In our opinion, there is no proof that the use of an open flame from an acetylene torch was discussed or contemplated by the parties.

The contract did not directly require it, and the torch was not necessarily incident to the removal of the equipment from the Pier. We doubt that the use of the acetylene torch was an inherently dangerous operation, since it was the negligent manner of its use which resulted in the fire. Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99. The District failed to bring the contract within the exception which would hold the Ice Company liable for the acts of the independent contractor. Loyd v. Herrington, 143 Tex. 135, 182 S.W.2d 1003; Nance Exploration Co. v. Texas Employers Ins. Ass'n, Tex.Civ.App., 305 S.W.2d 621; Texas Electric Service Co. v. Holt, Tex. Civ.App., 249 S.W.2d 662; Humble Oil & Refining Co. v. Bell, Tex.Civ.App., 180 S.W.2d 970, error refused 142 Tex. 645, 181 S.W.2d 569; L. E. Whitham Construction Co. v. Wilkins, Tex.Civ.App., 90 S.W. 2d 916; Cisco & N. E. R. Co. v. Texas Pipe Line Co., Tex.Civ.App., 240 S.W. 990; Harris v. Farmers' & Merchants' State Bank, Tex.Civ.App., 239 S.W. 1027; Ewing v. Litzmann, Tex.Civ.App., 188 S.W. 742; Wilson v. Crutcher, Tex.Civ. App., 176 S.W. 625; Strangi v. United States, 5 Cir., 211 F.2d 305; Holt v. Texas-New Mexico Pipe Line Co., 5 Cir., 145 F.2d 862. The judgment that Valley Ice & Fuel Company is not liable for the negligence of the independent contractor is affirmed.

This suit was also brought against Steve Mencsik, the independent contractor, and the jury found his negligence was the proximate cause of the fire. The District contends that the findings of its own contributory negligence should have been disregarded, which, if true, would leave findings of negligence and proximate cause against Mencsik, and the District would be entitled to a judgment against Mencsik.

■■ It was not proved that the District had notice or knowledge that anyone would use an open flame on Pier B. It did not know that any torch-cutting operations

would occur. The harbor regulations prohibited the use of open fires and Mencsik knew that was so. The Port had a fire marshall and a crew of six men who were available to protect the premises, had they known of the use of fire. There was a fire hydrant near the Pier and water was in the main. The District had seventy-two fire extinguishers available. The District did not have fire engines or fire boats. There was a water faucet on the Pier, but after the fire started it was discovered that the water was cut off and could not be used to quench the fire. Who cut off the water on the Pier is not disclosed, but the District did not know it was cut off. In our opinion, the District had no duty to protect itself from a fire which was prohibited, when it had neither notice nor knowledge that an open flame would be used on the Pier. 22 Am.Jur., Fires, § 20. The test, by settled law, is whether the evidence raises an issue of proximate cause, that is, whether the injury was foreseeable. Seinsheimer v. Burkhart, 132 Tex. 336, 342, 122 S.W.2d 1063, 1066. "It is the essence of contributory negligence that the person to be charged therewith knew, or by the exercise of ordinary care should have known, of the circumstance or circumstances out of which the danger arose." Texas & P. Ry. Co. v. Wylie, Tex.Civ. App., 36 S.W.2d 238, 242.

Fires which originate near railroad tracks supply the closest analogies. In those instances, the adjoining owner knows that fire exists at times because of the engines which operate along the tracks. However, it has been held that the owner of a building close to a railroad track has no duty to maintain watchmen to guard against fires negligently set by the railroad company, even though he knows that there is combustible material on the railroad right-of-way. "He has the right to assume that the company will perform the legal duties resting on it. The owner of a warehouse near a track is not required to keep a fire hose in a warehouse to guard against fires set by sparks from the locomo-

tives of passing trains." 74 C.J.S. Railroads § 500; 51 C.J., Railroads, § 1301; Texas & P. Ry. Co. v. New Boston Hardware Co., Tex.Civ.App., 157 S.W. 1188.

The only other findings upon which the District could be held contributorily negligent are the findings that it permitted paper, trash and other inflammable material to accumulate and remain under the Pier where the fire occurred, which was negligence and a proximate cause of the fire. The evidence shows that charred material of some kind was found under the Pier after the fire. A witness stated that the fire started when sparks from the torch fell among some papers and chips of wood under the Pier. Defendant Mencsik testified that on the day before the fire he "looked at the slope and on top of the dock" and "it didn't look dangerous to me at the time." The employee who actually used the torch did not look under the Pier at any time prior to the fire. Defendants undertook to prove the source of the trash by introducing evidence that the wind was from the north on the morning of the fire, which was the means by which the trash was blown under the Pier.

■ The proof fails to show whether the trash was much or little, whether it had been there for a few hours or a long time; how it accumulated under the Pier, other than by the north wind on the morning of the fire; and whether it had been there long enough for the District to know or have notice of its presence. If the District was without knowledge or notice, and no proof shows otherwise, it was not at fault. To hold that the District was contributorily negligent under such facts would be to hold it liable without fault. Stinnett v. City of Waco, 142 Tex. 648, 180 S.W.2d 433. The mere existence of a defect or danger which results in damage does not prove fault. Camp v. J. H. Kirkpatrick Co., Tex.Civ.App., 250 S.W.2d 413, 419; Cox v. Shannon, Tex.Civ.App., 141 S.W.2d 412; Louisville Cooperage Co. v. Lawrence, 313 Ky. 75, 230 S.W.2d 103.

We have examined the other points in the case and find them without merit. The judgment is accordingly affirmed insofar as it denies liability against Valley Ice & Fuel Company. It is reversed and rendered that the District have judgment against defendant Steve Mencsik in the sum of $1,500, the amount of damages found by the jury. Costs are adjudged against Mencsik.