**B. G. COATES, Appellant,**

v.

**William E. MOORE, by J. L. Carroll, Next of Friend, Appellee.**

No. 3633.

Court of Civil Appeals of Texas.

Waco.

May 28, 1959.

Rehearing Denied June 25, 1959.

Archer & Brownlee, Perryton, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

Hicks, Dollahon, Boss & Wohlt, F. Warren Hicks, Houston, for appellant.

Wellborn & Britt, Alvin, for appellee.

McDONALD, Chief Justice.

This is a suit for personal injuries and medical expenses brought by plaintiffs J.

L. Carroll, next friend and stepfather of the plaintiff William E. Moore, a fourteen year old minor, resulting from a collision which occurred at the intersection of Beauregard and Willis Streets in Alvin, Brazoria County, Texas. These two streets intersect each other at approximate right angles. There were no traffic signs or controls at the intersection. The minor plaintiff was traveling north on Beauregard Street on a motor scooter. Defendant was traveling west on Willis Street in an automobile when the collision occurred.

Trial was to a jury, which, in answer to special issues, acquitted the minor plaintiff of all acts of contributory negligence and convicted the defendant of numerous acts of primary negligence proximately causing the collision, including failure to keep a proper lookout, speed under the circumstances, failure to make a proper application of his brakes, failure to maintain proper control, failure to yield the right of way. The jury found the collision was not the result of an unavoidable accident.

In response to the damage issues the jury found $7000 general damages and $1063.95 medical damages.

The Trial Court entered judgment on the verdict in favor of the minor plaintiff for $8063.95 and directed that all such amount be paid into the registry of the court for the use and benefit of the minor plaintiff.

Defendant appeals on 10 points, which present the following basic contentions:

1) The Trial Court erred in awarding to the minor plaintiff judgment for medical bills incurred as a result of injuries sustained by said minor in said collision.

2) The Trial Court erred in permitting plaintiff's counsel, over objection, to impeach and discredit the witness Loveless by eliciting from him testimony of a traffic violation and a collision on his part.

3) The evidence establishes as a matter of law that the minor plaintiff was

negligent in failing to stop his scooter before entering the intersection, and/or the contrary jury finding is against the great weight and preponderance of the evidence.

4) The evidence establishes as a matter of law that plaintiff was negligent as a matter of law in increasing his speed as he entered the intersection; and/or the contrary jury finding is against the great weight and preponderance of the evidence.

5) The amount of the award of damages is against the great weight and preponderance of the evidence.

We revert to defendant's 1st contention. The jury found that plaintiffs had sustained general damages in the amount of $7000; and medical and hospital bills in the amount of $1063.95. The Trial Court entered judgment for the minor plaintiff against the defendant for $8063.95. Defendant complains that since plaintiff was a minor that *he* could not recover for medical bills incurred by the parent. Defendant cites Mercer v. Evans, Tex.Civ.App., 173 S.W.2d 206. W/E Refused, in support of his contention. The parent was liable for the medical expenses to those rendering such services. The parent is the party who should have recovered on this item. The parent J. L. Carroll is a plaintiff herein. Examination of the pleadings leads us to the conclusion that they are broad enough to grant the relief sought for medical and hospital expenses to J. L. Carroll individually. In any event the defendant at no time levelled exceptions to the pleadings seeking to recover for the medical and hospital expenses. In the absence of special exceptions, the petition must be liberally construed in the pleader's favor, and to support the judgment. Scott v. Gardner, Tex.Com.App., adopted Sup.Ct., 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50. Under the foregoing authority we think that it is our duty to reform the judgment so as to award the $1063.95 to the plaintiff J. L.

404

Carroll individually, instead of to the minor plaintiff. See also, Mercer v. Evans, supra.

■ Defendant's 2nd contention is levelled at the Trial Court's action in permitting plaintiffs' counsel to impeach and discredit the witness Loveless by eliciting from him testimony of a traffic violation and a collision on his part. The witness Loveless was called as a witness by defendant and testified that the minor plaintiff, about thirty minutes before the collision made the basis of this suit, had run a stop sign and nearly collided with him. On cross examination plaintiff's counsel interrogated the witness regarding his driving habits generally and elicited from him that he had a collision on occasion himself; had run a stop sign himself; and was nicknamed "Speedy". The record before us fails to reflect that proper objection was made by defendant's counsel. We fail to perceive error. In any event, the matter complained of, if error at all, is deemed harmless under Rule 434, Texas Rules of Civil Procedure. Contention 2 is overruled.

Contentions 3 and 4 are to the effect that plaintiff is guilty of contributory negligence as a matter of law in not stopping at the intersection, and also in increasing his speed as he entered the intersection. Contention is further made that the evidence is insufficient to support the jury's answers to Issues 35 and 37, and that such answers are against the great weight and preponderance of the evidence.

The jury in answer to Issue 35 found that the minor plaintiff was not negligent in increasing the speed of his motor scooter as he entered the intersection; and in answer to Issue 37 found that the failure of the minor plaintiff to stop before entering the intersection was not negligence.

■ The Trial Court defined negligence as applied to the minor plaintiff as follows:

"By the term 'negligence' as used in this charge, as applied to the minor plaintiff, is meant the doing of that which an ordinarily prudent person of the age, intelligence, experience and capacity of the minor would not do, or the failure to do that which an ordinarily prudent person of the age, intelligence, experience and capacity of the minor would do, under the same or similar circumstances."

The foregoing definition was not objected to and is the proper standard in cases involving minors. Dallas Ry. & Terminal Co. v. Rogers, 147 Tex. 617, 218 S.W.2d 456; Brown v. Panhandle & Santa Fe Ry. Co., Tex.Civ.App., 294 S.W.2d 223 (no writ hist.)

The jury found that plaintiff entered the intersection first, which was undisputed, and that defendant failed to yield the right of way. The record reflects that defendant did not see plaintiff until the instant of the collision; and that plaintiff slowed his scooter down as he approached the intersection; looked and saw defendant one-half to one block away; did not know defendant was driving so fast; entered the intersection and then saw defendant for the second time, and then speeded up his scooter to try to get out of his path; nearly got completely through the intersection but failed to make it and the right front of defendant's vehicle struck the right rear of plaintiff's scooter.

■ It is our duty as a reviewing court to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3–B Tex.Jur. p. 370–372. Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence in harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court.

An issue of fact is raised if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff. It is the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. The jury are the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences are not unreasonable. No rule is better settled than the one to the effect that if there is evidence of probative value to sustain the findings of the jury, the appellate court is bound by such findings. Ayala v. Maume, Tex.Civ.App., 318 S.W.2d 698, W/E Ref. NRE; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972.

 We have carefully reviewed the record before us in the light of the foregoing, and conclude there is ample evidence to support the findings complained of. Moreover, we have reviewed the record in the light of the rule announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and conclude that the evidence is sufficient to support the jury's findings and is not against the great weight and preponderance of the evidence. Contentions 3 and 4 are overruled.

■ Defendant's 5th contention is that the jury's answer of $7000 to the general damage issue is against the great weight and preponderance of the evidence. In particular, complaint is made of item 5 of such issue which inquires of the present cash value of the diminished capacity of plaintiff to earn money after becoming 21 years of age. Plaintiff suffered a fracture of the femur and pelvis. Dr. Hutcherson, who operated on plaintiff, testified he suffered a severe injury; that it involved the socket, extending into the joint; that the X-ray pictures showed a narrowing of the joint in the region of injury; that the damage could progress and get worse as plaintiff grows older; that a traumatic arthritis could develop; that damage to the cartilage was indicated. The record is lengthy and perhaps not without dispute, but the jury heard the evidence and resolved the issue. We think the issue was raised, properly submitted, and there is sufficient evidence to sustain the jury's finding thereon, and that such finding is not against the great weight and preponderance of the evidence. Defendant's 5th contention is overruled.

In accordance with our statement under contention 1, supra, the judgment of the Trial Court is reformed so that the $1063.95 awarded for medical expenses is awarded to J. L. Carroll instead of to the minor plaintiff. As reformed, the judgment is affirmed.

Reformed and affirmed.