**James E. KENNY, Appellant,**

**v.**

**EL PASO ELECTRIC COMPANY, Appellee.**

**No. 5554.**

Court of Civil Appeals of Texas.
El Paso.

Oct. 16, 1963.

Rehearing Denied Nov. 6, 1963.

Guinn & Guinn, Al Truex, El Paso, for appellant.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellee.

PRESLAR, Justice.

Appellant brought this action for injuries received as the result of having lifted a metal pipe into contact with a transmission line of appellee. The trial was to a jury, and both parties moved for judgment on the verdict. The court ignored certain

findings of the jury and entered judgment that plaintiff take nothing.

Plaintiff, as appellant, assigns as error the action of the trial court in (1) entering a judgment on the verdict, and (2) disregarding the jury's answers to Issues Nos. 3, 4 and 5.

In response to special issues the jury found (and for purposes of clarity the actual numbers of the issues are used): (1), that the defendant was not negligent in maintaining its lines at the point where the accident occurred; (3), defendant was negligent in not painting the cross-arms of its poles; (4), such negligence was a proximate cause of plaintiff's injuries; (5), plaintiff did not contact the line in question with the metal pipe; (10), plaintiff was not negligent in failing to notify defendant he would use the pipe on the well on the occasion; (12), plaintiff knew, or in the exercise of ordinary care should have known, that touching the line in question with a conductive material could cause serious bodily injury; (13), plaintiff suffered damages in the amount of $100,000.

The bare elements of recovery in a case of this type require that the plaintiff prove that the defendant owed a legal duty to plaintiff which he violated, and that plaintiff suffered injury which was proximately caused by such violation. Plaintiff must be free of fault proximately causing his injury, for one cannot recover where he brings about his own injury, nor where such injuries are caused by both himself and the defendant.

In the instant case the jury found that the duty owed by defendant to plaintiff was to paint the cross-arms white. That, and Issue No. 1 above, were the only breaches of duty inquired about, and Issue No. 1 was answered for the defendant. The issue on failure to paint was based on a city ordinance requiring that all electric transmission lines carrying over 1000 volts must have the cross-arms on the poles painted white. The validity of that ordinance is questioned and becomes important, for it

is readily noted that in the absence of an ordinance, the mere painting of cross-arms would be meaningless. The ordinance was passed in 1917, and in 1935 the City of El Paso enacted a comprehensive Electrical Code, which was similar in purpose to this ordinance, in that it provided various safety features in the construction and maintenance of electrical lines. However, it did not have any repealing provision, and none of its provisions were in conflict with the instant ordinance, nor were they inconsistent therewith.

We hold that the ordinance was valid on the day of the occurrence of the accident in question. To do otherwise would be to find it repealed by implication—repeal implied by the City's act of enacting the more comprehensive code. See Tomassi v. City of San Antonio (Tex.Civ.App.), 268 S.W. 273, (error refused), holding ordinance not repealed in absence of inconsistency between the two. Also see Cunningham v. Henry (Tex.Civ.App.), 231 S.W.2d 1013 (err. ref'd., n. r. e.), holding new ordinance inconsistent with earlier one dealing with same subject matter amended in proportion as it introduced change.

■■ The jury found that the failure to paint was negligence, and if we be right in our holding that the ordinance was valid, then it becomes negligence per se. But liability arises in such a case only if the violation is a proximate cause of the injury complained of. 40 Tex.Jur.2d 460; San Antonio & A. P. R. Co. v. Bowles, 88 Tex. 634, 32 S.W. 880; Waterman Lbr. Co. v. Beatty, 110 Tex. 225, 218 S.W. 363; Alpine Telephone Corp. v. McCall, 143 Tex. 335, 184 S.W.2d 830; St. Louis Southwestern R. Co. v. Wilkes, Tex.Civ.App., 159 S.W. 126 (err. dism.); J. S. Abercrombie Co. v. Delcomyn, 134 Tex. 490, 135 S.W.2d 978; Nuse v. Kormeier, Tex.Civ.App., 351 S.W.2d 382 (n. w. h.); East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613 (reh. den.). The rules for determining proximate cause are the same for negligence per se and common

negligence. East Texas Motor Freight Lines v. Loftis, supra; Butler v. Herring, Tex.Civ.App., 34 S.W.2d 307; Tri-County Elec. Coop., Inc. v. Clair, Tex.Civ.App., 217 S.W.2d 681 (err. ref., n. r. e.).

We come now to a consideration of the question of whether this negligence was a proximate cause of the plaintiff's injuries. It is our conclusion that it was not a proximate cause. The painting of the cross-arms was intended to put a person on notice and cause him to inquire of some possible danger. The thing he was to inquire about, he already knew—that the lines were dangerous. There can be no need to put one "on notice" of danger of which he has actual knowledge. The situation is somewhat analogous to our recording statutes which afford constructive notice in the absence of actual notice; but such "notice by law" does not come into play unless there is an absence of actual notice. It is our view that the violation of a duty to warn was not the proximate cause of the accident where the plaintiff had actual knowledge. Had the cross-arms been white, and had he inquired, he would have found what he already knew.

█ The record is conclusive against plaintiff by his own testimony that he knew the line was dangerous, and the jury found that he " * * * knew that touching the electrical distribution line in question with a conductive material could cause serious bodily injury, or in the exercise of ordinary care should have known so." The evidence shows that the electric lines in question were over plaintiff's back yard at a height of some 24 feet, and the testimony and photographs show them to be quite obvious, except at a point where partially obscured by a tree. He had lived there some five or six months and bought the property with a reservation in his deed of the right of the defendant to maintain the line there. He testified to knowing these things and to knowing that the line was extremely dangerous if touched with an object which could conduct electricity. He further testified that he knew the lines had 220 volts, for that came to his well and house, and that such lines to his house came from transformers which reduced the current from the overhead lines in question. Plaintiff knew the lines to his house and well were insulated, and he testified that the overhead line in question looked like the insulated lines. There was no duty to insulate and no issue was submitted thereon, but we think the question of his knowledge and appreciation of the danger is foreclosed by the jury's finding and his own testimony that he knew the particular overhead line in question was "dangerous". To argue the degree of danger between 220 volts and 1000 volts begs the question of knowledge of danger and assumes one would voluntarily expose himself to 220 volts but not 1000 volts. We cannot escape the fact that he appreciated the danger to the extent that he knew that touching the line in question with a conductive material could cause serious bodily injury. We conclude that plaintiff failed to prove the violation of a legal duty owed him by defendant which proximately caused his injuries, and the trial court properly disregarded the jury's findings on such issues, numbers 3 and 4. Under the holding of the trial court and of this court, the finding on Issue No. 5 is immaterial.

It follows that appellant's Point of Error No. 2 is overruled, and we also overrule appellant's Point of Error No. 1 on the basis of the foregoing, and for the further reason that plaintiff's conduct shows that he was not without fault in proximately causing his injuries.

█ The jury's findings on Issue No. 12 that plaintiff knew, or in the exercise of ordinary care should have known, that touching the line in question with a conductive material could cause serious bodily injury, convicted him of contributory negligence. His action in so doing proximately caused his injuries, and the jury's findings properly bring his actions within the definition of contributory negligence which is

well established. It is the essence of contributory negligence that the person to be charged therewith knew, or by the exercise of ordinary care should have known, of the circumstance or circumstances out of which the danger arose. Texas & P. R. Co. v. Wylie, Tex.Civ.App., 36 S.W.2d 238; Johnson v. Murray Co., Tex.Civ.App., 90 S.W.2d 920 (dism. w. o. j.); Gholson v. Parrish, Tex.Civ.App., 92 S.W.2d 1113; Burton v. Billingsly, Tex.Civ.App., 129 S.W.2d 439 (err. ref.); El Paso v. Mendoza, Tex.Civ.App., 191 S.W.2d 102 (err. ref.); Brownsville Navigation Dist. v. Valley Ice & Fuel Co., Tex.Civ.App., 313 S.W.2d 104. Actions of plaintiff here almost exactly parallel the plaintiff's actions in the case of Texas Power & Light Co. v. Peterson, Tex.Civ.App., 288 S.W.2d 247, wherein liability was denied.

All points of error are overruled and the judgment of the trial court is affirmed.