John I. MOORE and H. R. Wardlaw, d/b/a
Red Town Farm et al., Appellants,

v.

Harold ELLIS, a Minor, by Next Friend, A.
G. Ellis et al., Appellees.

No. 84.

Court of Civil Appeals of Texas.

Tyler.

Oct. 6, 1966.

Supplemental Opinion Oct. 20, 1966.

Rehearing Denied Nov. 3, 1966.

On Motion to Re-Tax Costs Nov. 3, 1966.

Second Rehearing Denied Dec. 1, 1966.

Donald Carroll, Michael A. Hatchell, Ramey, Brelsford, Flock & Devereux, Tyler, Luther Johnston, Johnston & Johnston, Palestine, for appellants.

George E. Pletcher, Albert P. Jones, Helm, Jones & Pletcher, Houston, John B. McDonald, B. R. Reeves, Palestine, for appellees.

DUNAGAN, Chief Justice.

This is the second time this appeal has been before this court for consideration. Our former opinion is reported in 385 S.W. 2d 261 and the opinion of the Supreme Court in 401 S.W.2d 789.

This is a suit for personal injuries arising out of an accident in which a tractor furnished by appellants turned over on Harold Ellis and seriously disfigured him. Trial was to a jury, resulting in a judgment on a jury verdict for the plaintiffs for $126,-500.00.

The nature, character and facts of the case are fully stated in the opinions of both this court and the Supreme Court. The opinion and mandate of the Supreme Court finally disposed of the first nine points presented by appellants in their brief, and the case was remanded for this court to pass on the other points raised by appellants which had not been disposed of by our former opinion.

Appellants' original brief presented 79 points of error. Subsequent to the remand of this case by the Supreme Court, with permission of this court the appellants filed a post-submission brief in which they only present and argue four of the points heretofore presented in their original brief.

As stated by the Supreme Court in its majority opinion, many issues of contributory negligence were given, each of which Harold was acquitted by the jury.

The first point in appellants' post-submission brief is the contention that the trial court erred in overruling their motions for instructed verdict and for judgment n. o. v., because the evidence establishes as a matter of law that the plaintiff, Harold Ellis, was guilty of contributory negligence. This contention is overruled.

This point presents to this court for its determination strictly a question of law. As we understand the Supreme Court's opinion in this case, it determined this question of law adversely to appellants' contention. The decision and judgment of the Supreme Court is the law of this case on this question, and cannot be overturned here. MacDonald v. Follett, 193 S.W.2d 287, (Tex.Civ.App.) 1946, writ ref. However, if we be in error in our interpretation of the Supreme Court's opinion, then in

that event, under all of the facts and circumstances of the case as shown by the record, we have concluded as a matter of law that the danger was not one which was so open and obvious that we would charge Harold with knowledge and appreciation of it, or that by the exercise of ordinary care he should have known and appreciated the danger involved, which is necessary before an injured person can be charged with contributory negligence. Jordan v. City of Lubbock, 88 S.W.2d 560, 563, (Tex.Civ. App.) 1935, writ dism.; Brownsville Navigation District v. Valley Ice & Fuel Company, Inc., 313 S.W.2d 104, 107, (Tex.Civ. App.) 1958, n. w. h.; Kenny v. El Paso Electric Company, 371 S.W.2d 777, 780 (Tex.Civ.App.) 1963, writ ref., n. r. e.

■■ Included in the 79 points of error in appellants' original brief not heretofore passed upon are assignments that there was no evidence to support the answers to many of the special issues and further the answers to such issues were against the great weight and preponderance of the evidence and were supported by insufficient evidence. In passing on whether this is true of the jury's answers, we must review all of the evidence. After carefully considering and reviewing the entire record in this case, in light of the rules announced in the case of In re: King's Estate, 150 Tex. 662, 244 S.W.2d 660, we have reached the conclusion that we cannot say, in the light of the whole record, that the answers of the jury were so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. We, had we been jurors, might have reached a different result, but as a reviewing court we may not merely substitute our views for those of a jury. Before we can disturb the jury's answers, we must be able to say they are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. Ashman v. Smith, 389 S.W. 2d 509, 512, (Tex.Civ.App.) 1965, n. w. h. We also find the evidence sufficient to support the jury's findings. These points of error are overruled.

Special Issue No. 37 inquired of the jury what sum of money would compensate the parents of Harold Ellis for the following:

(a) Loss of services of the plaintiff until age 21, and

(b) The medical expenses to be incurred on behalf of the plaintiff from the date of trial to his twenty-first birthday.

The jury found that the parents had sustained a loss of services in the amount of $2,500.00, which is unchallenged by the appellants as being excessive. The jury then awarded $24,000.00 for future medical expenses. This latter figure is challenged by the appellants as being excessive and erroneous because it is grossly in excess to all the medical testimony relating thereto.

The only evidence relating to medical expenses for Harold from the date of trial to the plaintiff's twenty-first birthday was given by appellees' witness, Dr. LeRoy Mathis, Jr. The doctor testified that the reasonable and necessary charges involved in operations for Harold would be a $500.00 fee for each operation, a $500.00 hospital and drug fee for each operation, and $50.00 for office visits after his discharge following each operation. Dr. Mathis further testified that there was a reasonable medical probability that there would be required or necessary for the restoration of Harold from 15 to 25 procedures. As we understand his testimony, it was his best judgment that it could be done with 20 surgical procedures. He also testified that these operations or procedures could not be conducted but once every three months at the minimum. This would mean that Harold would undergo a maximum of four operations per year from the date of trial to his twenty-first birthday.

Taking the figures given by Dr. Mathis and computing the medical bills which would occur between the date of trial and Harold's twenty-first birthday, allowing $1,050.00 as the reasonable expenses for each operation or procedure, then, on the

basis of four operations or procedures per year for the three years from the date of trial (November 4, 1963) until Harold's twenty-first birthday (September 29, 1966) the maximum amount, under the evidence presented by Dr. Mathis, which could be allowed for medical expenses prior to plaintiff's twenty-first birthday, is $12,600.-00.

■ Appellees recognize that under the above evidence the award of future medical expenses to Harold's parents is excessive and urge this court "to reform the judgment to provide that $11,400.00 in reasonable medical expenses which will be incurred following Harold's twenty-first birthday, be added to his recovery." Appellees cite no authority nor are we aware of any that would support such action by this court. It is the rule in Texas that a parent is liable for the medical expenses of his child, Coates v. Moore, 325 S.W.2d 401, (Tex.Civ.App.) 1959, writ ref., n. r. e., and a minor plaintiff is not entitled to recover in his own name for past or future medical expenses which are the responsibility of his parents, Mercer v. Evans, 173 S.W.2d 206, (Tex.Civ.App.) 1943, writ ref.; Tyrrell Hardware Co. v. Orgeron, 289 S.W. 1040, (Tex.Civ.App.) 1926, writ ref.

The appellants request this court, under authority of Rule 440, Texas Rules of Civil Procedure, to require the appellees to submit that remittitur which we deem proper. It is without dispute that the award of the $24,000.00 in question is excessive in the sum of $11,400.00. Therefore, under Rule 440, this court is under a duty to reverse and remand this case unless appellees file a remittitur of $11,400.00.

We have examined and considered all the other points of error of appellants and found them to be without merit. There being no other reversible error in the record, if such remittitur is filed within ten days from the date of this opinion, the judgment of the trial court will be affirmed as reformed.

## SUPPLEMENTAL OPINION

■ In our opinion delivered and filed on October 6, 1966, this Court suggested that if appellees would file a remittitur in the amount of $11,400.00 within ten days, the judgment of the trial court in favor of appellees would be reformed and, as reformed, affirmed. Appellees filed in writing the suggested remittitur on October 13, 1966.

Accordingly, the judgment of the trial court is reformed in conformity with such remittitur and, as so reformed, is affirmed.

## ON MOTION FOR REHEARING

Appellants, subsequent to filing their original Motion for Rehearing, have filed an Amended Motion for Rehearing in which they allege that this Court erred in taxing the entire costs of appeal against them. Simultaneously therewith the appellants also filed a motion to re-tax the costs. This Court by its written opinion this day delivered and filed disposing of the last mentioned motion has re-adjusted the costs. After careful consideration, we think that the original opinion and judgment of this Court in all other respects are correct and appellants' Motion for Rehearing and Amended Motion for Rehearing are overruled.

## ON MOTION TO RETAX COSTS

The appellees in the trial court recovered a judgment against the appellants in the total sum of $126,500.00. This court in a written opinion delivered and filed on October 6, 1966, found the verdict and judgment to be excessive in the sum of $11,400.00 and suggested that if appellees would file a remittitur in the amount of $11,400.00 within ten days, the judgment of the trial court would be reformed and, as reformed, affirmed. Appellees filed in writing the suggested remittitur on October 13, 1966. The judgment of the trial court, by supplemental opinion of this court delivered and filed on October 20, 1966, was reformed in conformity with such remit-

**728**

titur and, as so reformed, was affirmed. The judgment in this case taxed all the costs against the appellants.

The appellants on October 21, 1966, filed in this court its motion to re-tax costs.

As grounds therefor, appellants in their motion make the following statement:

"In the trial of this cause, the jury awarded the Appellee, A. G. Ellis, $24,-000.00 as damages sustained by him for the loss of the services of the minor Plaintiff, Harold Ellis, and for future medical expenses to be incurred by A. G. Ellis on behalf of the minor Plaintiff from the date of the trial to Harold Ellis' 21st birthday. In their Motion for New Trial, Appellants challenged this finding as having no support in the evidence. The trial court, which had the power to order a remittitur, overruled this contention. On appeal, Appellees virtually conceded the validity of Appellants' challenge to the above finding. Appellees, however, did not tender a remittitur in the trial court to cure the error raised by Appellants in their Motion for New Trial. For this reason, Appellants were required to prosecute this appeal to secure the relief to which they were entitled and, it is submitted that these facts constitute 'good cause' for this Court, under the authority given in Rule 448, T.R.C.P., to tax at least half, or some equitable portion, of the costs of this appeal against the Appellee, A. G. Ellis."

■ In view of appellants' 79 assignments of error lodged against the judgment of the trial court, we think it is apparent that the five assignments of error upon which the remittitur was ordered were not the sole cause for this appeal. However, in view of the fact that appellants have obtained certain relief by prosecuting this appeal, and considering the relation of the amount deducted from the judgment to the amount permitted by us to stand, under the discretion given us by Rule 448, T.R.C.P., NINE PER CENT (9%) of the costs of

this appeal will be taxed against A. G. Ellis and NINETY-ONE PER CENT (91%) against the appellants. It is so ordered. Bridwell v. Bernard, 159 S.W.2d 981, (Tex.Civ.App.) 1942, writ ref., w. o. m.; De Leon v. Aldrete, 398 S.W.2d 160, (Tex.Civ.App.) 1965, writ ref., n. r. e.; Wichita Nat. Bank v. United States Fidelity & Guaranty Co., 147 S.W.2d 295, (Tex. Civ.App.) 1941, n. w. h.; Pendery v. Panhandle Refining Co., 169 S.W.2d 766, 780, (Tex.Civ.App.) 1943, writ ref., w. o. m.