Harry P. JARVIS, Appellant,

v.

John H. JENKINS, Appellee.

No. 4606.

Court of Civil Appeals of Texas.

Waco.

June 15, 1967.

Rehearing Denied July 6, 1967.

**384**

Harry P. Jarvis, Houston, for appellant.

Joe B. Fleming, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Jarvis from a judgment against him for necessaries furnished his wife.

Plaintiff Jenkins sued defendant Jarvis, alleging he furnished defendant's wife $325.38 for necessaries. Defendant answered by general denial. Trial was before the court without a jury which, after hearing, rendered judgment for plaintiff for $225.38.

Defendant appeals, contending:

1) The trial court erred in granting plaintiff judgment because there was a material variance between the pleadings and proof.

2) There was no proof the ticket purchased for defendant's wife was a necessity.

The evidence showed defendant and his wife were separated and that a divorce suit was pending between them. Plaintiff was an attorney for defendant's wife. Plaintiff gave defendant's wife a check for $50. which check was cashed at Weingarten's Grocery. Such cancelled check is in evidence, and there is evidence that it was given for defendant's wife to buy food and groceries with. It is in evidence that plaintiff bought an airline ticket for $175.38 for defendant's wife to go to Virginia and visit her mother and get medical care.

Defendant contends that because plaintiff alleged he "advanced $175.38 in money for the airline ticket," and the proof showed he purchased the ticket with a credit card, and later paid the ticket out in 3 monthly payments, that the "allegata and probata" do not conform, and that a material variance in pleading and proof exists, which precludes judgment for plaintiff. The proof showed plaintiff paid for the airline ticket for defendant's wife in the amount of $175.38, and we think that sufficient.

Defendant further contends there was no proof the ticket purchased for his wife was a necessity. The evidence is that defendant's wife was separated from him; that she was ill; that she went to Virginia to visit her mother and go to a hospital and get medical attention. We think from the record the trial judge had a right to conclude the $175.38 airline ticket was a necessity.

Defendant's points and contentions are overruled.

Affirmed.