**W. G. LAWRENCE, Appellant,**

v.

**M. Keith COX, Appellee.**

**No. 5010.**

Court of Civil Appeals of Texas,
Waco.

Feb. 25, 1971.

Rehearing Denied March 11, 1971.

Burt Barr, Dallas, for appellant.

L. Vance Stanton (on appeal only), David Caldwell, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Lawrence from a judgment for $213. for plaintiff Dr. Cox, for dental services rendered defendant's nine year old daughter.

Plaintiff a dentist sued defendant for $213. for dental work plaintiff performed on defendant's nine year old daughter, during the period September 9, 1968 to April 6, 1969, .at the request of Mrs. Gloria Lawrence, mother of the child.

Defendant answered that "he had not contacted plaintiff, authorized him to do the work and had no knowledge of it; that

he was under Court order paying alimony and child support".

Trial was before the court without a jury which rendered judgment for plaintiff for $213.

Defendant appeals on 6 points contending the trial court erred in rendering judgment against him when:

1) The evidence showed plaintiff's verbal contract to do the work was with defendant's former wife.

2) There was no evidence defendant's former wife was acting as defendant's agent.

3) There was no pleading or evidence of necessities.

4) There was no evidence defendant ratified the acts of his former wife.

Plaintiff Dr. Cox was requested by Mrs. Gloria Lawrence to perform dental work on her minor daughter on September 8, 1968. Defendant is the father of the minor. Defendant and Mrs. Gloria Lawrence were divorced. Dr. Cox did an emergency extraction of a tooth on the child on September 8, 1968 and from that time until March 1969 did six restorations on her teeth, constructed a retainer, and removed an abscessed tooth. Dr. Cox also made X-rays, examinations and diagnosis on the child. The trial court found that such work was reasonable and necessary, for the health and welfare of defendant's minor daughter, and that $213. was a usual and customary charge for such dental work in Dallas County.

■ Both parents have a legal obligation to support and educate their minor children, but such obligation rests primarily upon the father, and he is not relieved from such obligation by divorce decree awarding mother custody. And any person who has supplied necessities to a minor child may sue and recover from the father the value of the supplies or services furnished his children. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Dilger v. Dilger, Tex.Civ.App. (NWH), 271 S.W.2d 169; Smith v. Waller, Tex.Civ. App. (NRE), 422 S.W.2d 189; Bauman v. Heard, Tex.Civ.App. (NWH), 442 S.W.2d 416; Maxwell v. Maxwell, Tex.Civ.App. (NRE), 204 S.W.2d 32.

■ The removal of two abscessed teeth, restoration of six other teeth to prevent further deterioration are certainly necessary for the health and welfare of defendant's minor child. The trial court had a right to conclude the dental services rendered by plaintiff to defendant's minor child were necessities. Jarvis v. Jenkins, Tex.Civ.App. (NWH), 417 S.W.2d 383; Black v. Bryan, S.Ct., 18 Tex. 453; Moore v. Ellis, Tex.Civ.App. (NRE), 408 S.W.2d 724; Coates v. Moore, Tex.Civ.App. (NRE), 325 S.W.2d 401.

■ The pleading alleged the dental work that plaintiff performed on the minor child. The evidence established the work was necessary. Defendant did not level exceptions to plaintiff's pleading. In the absence of special exceptions the objection is waived, and the petition will be liberally construed in the pleader's favor and to support the judgment. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513; Coates v. Moore, Tex.Civ.App. (N.R.E.), 325 S.W.2d 401.

All defendant's points and contentions are overruled.

Affirmed.